Nov. Term,
1856.

CONNER
v.
WINTON.

(1) Counsel for the appellee cited 1 McLean 547; 1 Phil. Ev. 293; 2 Peake's N. P. 232; *Doe* v. *Reagan*, 5 Blackf. 217; *M'Intire* v. *Young*, 6 Blackf. 496; 17 Wend. 419.

---

CONNER *v.* WINTON.

Suit by *C.* against *W.* for mal-practice as a veterinary surgeon. The jury were instructed as follows: "If *W.* pretended to no skill as a farrier, or was not known to *C.* as such, but as a matter of friendship or otherwise, recommended the making of the puncture, and the same was assented to by *C.*, and the puncture was accordingly made, *W.* is not liable, even though the horse died in consequence of the

Nov. Term,
1856.

CONNER
v.
WINTON.

puncture so made." *Held*, that *W.* was a mandatary, and responsible as such for gross ignorance or gross negligence; and hence, the instruction was erroneous.

The general rule in bailment is, that where the contract is of mutual benefit, as where work is done for hire, ordinary diligence is required. But a mandatary is held only to slight diligence, and is responsible only for a breach of orders, gross negligence or fraud.

The diligence required is proportioned to the value of the property bailed, or the delicacy of the operation to be performed.

Verdict in these words: "We the jury find for the plaintiff one cent, and costs to the defendant." Subsequently one of the jury filed an affidavit stating in substance that these words did not fully express the meaning of the verdict—the jury intending that the defendant should pay costs. On this affidavit the plaintiff moved for a new trial. Motion overruled. ·

*Held*, that the verdict is not ambiguous; that the words "costs to the defendant," taken in connection with the context, mean that the defendant recover costs.

*Held*, also, that the Court properly regarded these words as surplusage; and that the judgment for one cent damages and a like sum in costs, and that the defendant recover as to the residue of the costs, was correct.

*Held*, also, that the plaintiff could recover no more costs than damages, and the verdict being one cent, the law, and not the jury, determined the question of costs.

*Held*, also, that the affidavit of the juror could not be heard to impeach his own verdict.

Tuesday,
December 9.

APPEAL from the *Wabash* Circuit Court.

STUART, J.—*Conner* sued *Winton* for unskilfully doctoring a horse. The complaint contains two counts alleging in substance that *Conner* was the owner of a horse worth 175 dollars, which had a swelling on the hock joint; that *Winton* represented that he could relieve the horse by lancing, &c.; that he accordingly lanced the diseased limb, but so ignorantly and unskilfully as for ever to disable the horse and render him worthless. It is further alleged that *Conner* was put to 25 dollars expense. Damages laid at 200 dollars.

*Winton* answers, denying generally the allegations in the complaint and also denying in separate paragraphs the several material matters alleged, averring that the lancing, &c., was done at the instance, and with the approbation, of *Conner*.

Jury trial and verdict in these words: "We the jury find for the plaintiff one cent, and costs to the defendant."

Subsequently *Peter King*, one of the jury, filed an affidavit stating in substance that these words did not fully express the meaning of the verdict—the jury intending that the defendant should pay costs. On this affidavit the plaintiff moved the Court for a new trial which was overruled. This ruling is assigned as error. But the Court below was clearly correct. The words of the verdict are not ambiguous: they need no explanation. "Costs to the defendant," taken in connection with the context, can mean nothing else than that the defendant recover costs. The Court properly regarded these words as surplusage, and rendered a judgment for one cent damages and a like sum in costs, and that the defendant recover as to the residue of the costs. 2 R. S. p. 127. The plantiff could recover no more costs than damages, and of course, the verdict being one cent, the law, and not the jury, determined the question of costs. Besides we do not see anything in this case to exempt it from the well settled rule that the affidavit of a juror cannot be heard to impeach his own verdict. *Barlow* v. *The State*, 2 Blackf. 114.—*Clum* v. *Smith*, 5 Hill, 560.

It is contended that this is a case arising *ex contractu* and not *ex delicto*, and hence, that the Court erred in giving the defendant costs. If this were true, still the plaintiff not having recovered 50 dollars would be liable to costs. 2 R. S. 126, s. 397, and note.—*Clark* v. *Wildridge*, 5 Ind. R. 176.—*Foglesong* v. *Moon*, 5 Ind. R. 545.—*Higman* v. *Brown*, 3 Ind. R. 430. But the more approved form of instituting such an action under the old practice would have been in case. One ground of liability against *Winton* might be that he was, or assumed to be a farrier. For negligence in that capacity, and when the damages were not immediate but consequential, case would be the better form, though assumpsit might also be sustained. 1 Chit. Pl. 134. And

Nov. Term,
1856.

CONNER
v.
WINTON.

in this view of the case the judgment in favor of the defendant for costs would also be right.

The folowing instruction to the jury is excepted to by the plaintiff:

"If *Winton* pretended to no skill as a farrier, or was not known to *Conner* as such, but as a matter of friendship or otherwise, recommended the making of the puncture, and the same was assented to by *Conner*, and the puncture was accordingly made, Dr. *Winton* is not liable, even though the horse died in consequence of the puncture so made."

The general rule in relation to bailment is, that where the contract is of mutual benefit, as where the work is done for hire, there, ordinary diligence only is required. Here, there is no special contract to that effect set up. So that none of the received doctrines in relation to care, skill, &c., combined are applicable. The instruction assumes that the lancing was done without hire "as a matter of friendship or otherwise," and hence, its correctness must be tested by the rules applicable to that species of bailment.

When an act is thus done gratis, it is called in the books a mandate. Story on Bailm. p. 159 — *Coggs* v. *Bernard*, 1 Smith's L. Cases, 82.—2 Kent, 568. It was therefore a bailment of the horse in regard to which *Winton* undertook, as assumed in the instruction, to do an act without reward.

What, then, were the obligations of Dr. *Winton* as such mandatary? That a mandatary is liable for misfeasance or malfeasance is settled by the highest authority. Story on Bailm. 180, *infra.*—2 Kent, 569. The degree of diligence required of the mandatary is equally well settled. He is bound only to slight diligence, and responsible only for gross neglect. 2 Kent, 571, 572.— Story on Bailm. 194.— *Whitney* v. *Lee*, 8 Met. 91. In *Tracy* v. *Wood*, 3 Mason, 132, it is held that a mandatary is liable if he omit that care which persons of common prudence are accustomed to take of their own property. In *Moore* v. *Mourgue*, Cowp. 479, Lord *Mansfield*

held, that to maintain such an action, the defendant must be guilty either of a breach of orders, gross negligence, or fraud. So, also, *Dartnall* v. *Howard*, 4 B. and C. 345.

The authorities are also abundant to show that, in proportion to the value of the article to be kept, or the delicacy of the operation to be performed, will the act assume character. What would be simply negligence as to one thing, would be gross negligence as to another. What would be ordinary care in relation to a pound of nails, would be gross negligence in relation to a like weight of gold coin. So what might be proper care in mending a plow, might be the grossest negligence as applied to the repair of a watch. Story on Bailm. *supra*. So that what on the part of *Winton* might have been due diligence in thrusting his lance into a vein of the horse's neck, might have been very gross negligence in lancing the complicated and delicate machinery of the hock joint.

It is, therefore, very clear that though *Winton* acted as a "friend or otherwise,"—that is, without compensation, as the instruction implies,—he might still be liable for consequences. Hence, the instruction is erroneous. It makes his mandatary position screen him from all liability. The assumption in relation to his not being a professional farrier is equally erroneous. If he assumed to perform so delicate an operation, his not being a professional farrier would not screen him from liability in case he performed it in gross ignorance or with gross negligence.

We think the instruction not only erroneous, but well calculated to mislead the jury.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. P. Biddle*, for the appellant.