JONES, D/B/A K-C TRAILER SALES *v.* SOMMERS ET AL. D/B/A K-C TRAILER SALES.

[No. 20,224. Filed April 26, 1966. Rehearing denied June 29, 1966. Transfer denied March 1, 1967.]

*Howard J. DeTrude, Jr., Erle A. Kightlinger,* and *Kightlinger, Young, Gray & Hudson,* all of Indianapolis, for appellants.

*John J. Easley, Melvin R. Lind* and *Wilson E. Shoup,* all of Indianapolis for appellees.

CARSON, J.—This action comes to us on appeal from the Hendricks Circuit Court. The action was brought by the appellees John and Beulah Sommers and John and Mollie Dove against the appellant Bennie Jones and the appellee Raymond Carmichael.

The issues were formed by the plaintiff's second amended complaint in two paragraphs. The first paragraph being on the theory of bailment and second paragraph sounding in tort and alleging in substance that the property of the plaintiffs below was destroyed by fire caused by the negligence of the defendants below.

To both paragraphs of the plaintiff's complain the defendants filed two paragraphs of answer the first being in denial under Rule 1-3 and the second being an affirmative answer that the defendants were without fault or negligence and further that the plaintiffs had not demanded return of the property. The plaintiff below filed a reply in denial under Rule 1-3 to the second paragraph of the defendant's answers. Trial was had by jury and at the conclusion of all the evidence the court directed the jury to return a verdict in favor of the defendant appellee Raymond Carmichael on both paragraphs of the complaint and to return a verdict in favor of Bennie Jones against the plaintiff John and Beulah Sommers as to paragraph 1 of the second amended complaint.

Upon the issues thus remaining on paragraph 1 of the second amended complaint and the defendant's affirmative answer thereto in two paragraphs and plaintiff's reply to such answer the jury returned a verdict in favor of the plaintiff appellees John and Mollie Dove against the defendant-appellant Bennie Jones in the sum of $4,462.00 and returned answer to the interrogatories submitted to the court.

The appellant filed a motion for judgment on the interroga-

tories which was overruled. Consistent judgment was rendered on the verdict of the jury and the appellant filed a motion for new trial specifying 24 grounds which are in substance as follows:

Specification 1. That the verdict of the jury is contrary to law.

Specification 2. That the verdict of the jury is not sustained by sufficient evidence.

Specification 3. That the court erred in overruling defendant-appellant's motion to strike parts of answers to interrogatories.

Specification 4. That the court erred in overruling defendant-appellant's motion for continuance.

Specification 5. That the court erred in giving the court's preliminary instruction number two.

Specification 6. That the court erred in refusing to advise the jury to disregard a statement of attorney for the plaintiff at the opening of the cause.

Specification 7 and 8. That the court erred in overruling defendant-appellant's motion to strike certain testimony of the plaintiff John Dove.

Specification 9. That the court erred in admitting evidence over the objection of the defendant-appellant given by Clarence Craig.

Specifications 10., 11., 12., 13., 14., 15., 16., 17., and 18. That the court erred in refusing to give defendant-appellant's instructions number 1, 2, 3, 5, 8, 9, 10, 11 and 12.

Specification 19., 20., 21. and 22. That the court erred in giving on its own motion over the objection of the defendant-appellant instructions 3, 4, 5 and 6.

Specification 23. That the court erred in overruling the motion of the defendant appellant for a directed verdict at the close of all the evidence.

Specification 24. That the court erred in overruling defendant's motion for judgment on the jury's answers to the interrogatories.

The sole assignment of error is the overruling of the motion for new trial.

In the argument portion of appellant's brief he has joined argument under proposition number 1, specifications 1, 2, 23 and 24 of the motion for new trial; under proposition number 2, specifications 1, 3, 4, 6, 8 and 9 of the motion for new trial and under proposition 3, specifications 10, 11, 14 and 15.

The other specifications of error in the motion for new trial not being presented in the argument portion of the appellant's brief the same are deemed waived.

For the purpose of this opinion we are going to group the various specifications of the appellant's motion.

Specifications 3, 4, 5, 6, 8 and 9 are predicated upon a theory of the case urged by the defendant-appellant with which we cannot agree. The defendant-appellant insists that he was taken by surprise when the element of insurance was injected into the trial. The evidence offered, which was contained in the plaintiff's answers to defendant's interrogatories as to the testimony of certain witnesses on behalf of the plaintiff, and in counsel's opening statement, alluded to the fact that the defendant-appellant was supposed to furnish insurance as part of the services connected with the performance of the bailment agreement. The defendant-appellant claims that the first notice he had of this was at the time of the trial of the action. The record does not sustain this position. In the plaintiff's complaint, under grammatical paragraph three of legal paragraph number 1, we find the following language:

"It was orally agreed between the plaintiffs and the defendants that the plaintiffs should pay $101.50 for the defendant's services with the understanding that the defendants were to furnish both license plates and *assurance* of safe transportation and that said sum was to be paid by the plaintiffs to the defendants upon re-delivery of the

trailer and its said contents to the plaintiffs at said address in the city of Waukegan, Illinois."

As we have previously pointed out, to this paragraph of complaint the defendant-appellants filed answer in denial. We think that this language definitely put the question of *insurance* at issue in the case. In this connection we call attention to various decisions where the word *"assurance"* or *"assured"* has been defined. In the case of Armour & Co. et al. v. New York, N. H. & H. R. Co. et al. 41 R. I. 361, 103 A. 1031, we find the following statement at page 1033:

"The act also declares that said grade crossings are to be 'eliminated and altered' in order that the safety of the public may be 'assured', i.e., made certain and put beyond doubt."

Also in the case of *Colonial Trust Co.* v. *Elmer C. Breuer, Inc.* 60 A. 2d 126, the Supreme Court of Pennsylvania said:

"This case, as argued, calls for an interpretation of the phrase 'assured clear distance ahead.' . . ."

"The question arises, then, as to the meaning of this latter phrase, that is to say, whether the word 'assured' is to be interpreted in an objective or a subjective sense."

"To 'assure' means to render safe, to make secure, but it also means 'to give confidence to'; 'to make (one) sure or certain;' 'to put (a person) beyond doubt' (Webster's New International Dictionary, 2nd Ed.) ; 'to cause to feel certain;' 'give confidence to;' 'convince' (Funk & Wagnalls' New Standard Dictionary)."

Following the reasoning of these decisions we feel that the plaintiff-appellees sufficiently raised the question of insurance by the allegations of their complaint and further that they were justified in so construing the language used by the defendant-appellant, at the time of the negotiation of the bailment agreement.

As to the contention of the appellant that he was surprised at the time of the trial to find that the issue of insurance had

been raised by plaintiff-appellees, we call attention to the fact that on August 24, 1962, the defendant-appellant filed the interrogatories in question. That on September 25, 1962, the plaintiff filed the answer to the defendant's interrogatories. That the trial was not started until January 20, 1964. It is reasonable to assume that since the plaintiff complied with the court's order in answering the interrogatories that these answers were in possession of the defendant's counsel during all of the time up to the date of trial. We therefore feel that there was no element of surprise as claimed by the appellant. We do not feel that there was any error on the part of the court in refusing to strike the answers to the interrogatories at the time of the trial; in refusing to grant the continuance requested by defendant-appellant; in refusing to exclude the evidence offered by plaintiff at the time of trial as to the substance of the oral agreement between the plaintiff and the defendants; in refusing to admonish the jury to disregard the statements of plaintiff's counsel concerning the contents of the agreement and what the plaintiff expected to prove.

The next group of specifications presented by plaintiff-appellant, which we shall consider, are those covering the instructions given by the court on its own motion, over the objection of the defendant-appellant.

These objections may be summarized by the statement that the defendant-appellant contends that the issue of negligence was not an element in the case as it was finally submitted to the jury. The defendant-appellant predicates this theory upon the fact that the court directed a verdict on behalf of the defendant as to the second legal paragraph of plaintiff's complaint which raised the issue of negligence. The defendant-appellants have overlooked the fact that by their own action they brought the issue of negligence back into the case by paragraph 2 of their answer which reads in part as follows:

"Come now the Defendants, separately, and for their further answer to each paragraph of Plaintiff's complaint allege and say:

1. That the trailer described by Plaintiffs in their complaint and its contents were, on the 18th day of of August, 1957, destroyed by fire without any fault or negligence on the part of the Defendants."

To this answer the plaintiffs filed a reply of denial. As we construe these pleadings the defendant assumed the affirmative burden of showing absence from negligence on defendant's part and therefore this issue was in the case. There was a conflict in the evidence on the question and therefore it was properly submitted to the jury.

We have repeatedly held that where the matters covered by the instructions are within the issues and there is evidence in the record to justify the instruction we will not reverse unless the instructions were of such a nature as to clearly show that the jury was mislead by the instruction. From an examination of all of the instructions given in this action we are convinced that the jury was fully and fairly instructed within the issues and within the evidence adduced at the trial, and that the instructions refused were adequately covered by other instructions given in the cause.

The remaining two points raised by the defendant-appellant which require consideration by us is that the verdict of the jury is not sustained by sufficient evidence and that the verdict of the jury is contrary to law. As we have already pointed out, the evidence in this action is in conflict and it is well established rule of law that we do not weigh conflicting evidence but we leave this to the trier of the fact. The second proposition requires us to apply the tests which has been repeatedly stated by this court and laid down in *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669:

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached

■ an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

In applying that test to this case we do not feel that the verdict of the jury was contrary to law.

The final point requiring our consideration is the motion of the defendant-appellant for a judgment on the answer to the interrogatories submitted to the jury. These interrogatories together with the jury's answers thereto are as follows:

"1. Did the alleged contract between Mr. Dove and Mr. Jones include the agreement to furnish insurance covering the trailer and contents on the trip?
Ans. Yes.

2. Did the fire start on the inside of the trailer?
Ans. No evidence.

3. What was the cause of the fire?
Ans. No evidence.

4. What was the market value of the 1953 Globe master trailer, described in plaintiffs' amended complaint, immediately before the fire?
Ans. $2000.00.

5. What was the market value of the contents of the Globe master trailer, described in plaintiffs' amended complaint, immediately before the fire?
Ans. $2,462.00."

We find no inconsistencies between the interrogatories and the verdict of the jury and we therefore hold that the ■ trial court did not abuse its discretion when it entered judgment on the general verdict and overruled said motion.

We should also point out that there is no merit to the defendant-appellant's contention concerning the evidence offered ■ by the plaintiff-appellee as to the value of the trailer and its contents. At most the defendant-appellant's statement in this regard is his conclusion as to how the

plaintiff-appellant arrived at this value. The jury was competent to hear this evidence and arrive at its conclusion as to the value of the trailer and its contents before the fire. If the defendant-appellant had any objection to this evidence at the time of the trial his objection should have been made at that time. There was nothing done to preclude the introduction of evidence contradicting the values put on the trailer and its contents by the plaintiff and therefore, any objection he may have had to this evidence was not properly saved for our consideration.

We conclude, that, based upon the entire record before us, this case was fully and fairly tried and a just verdict returned. The judgment of the court is therefore affirmed and the motion for new trial is denied.

Judgment affirmed.

Prime, C. J., Wickens and Faulconer, JJ., concur.

NOTE.—Reported in 215 N. E. 2d 871.