INDIANA INSURANCE COMPANY,
Appellant (Defendant Below),

v.

Marko IVETICH, d/b/a I.M.K. Truck
Repair Garage, Appellee
(Plaintiff Below).

No. 3-682A129.

Court of Appeals of Indiana,
Third District.

Feb. 9, 1983.
Rehearing Denied March 22, 1983.

Robin D. Pierce, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellant.

Nick Katich, Addison, Stoner, Stiles & Katich, P.C., Merrillville, for appellee.

HOFFMAN, Presiding Judge.

Appellee Marko Ivetich is the owner of a truck repair shop. In early December 1978, Gary Public Transportation, Inc., and Bill's Truck Repair, two of appellee's largest customers, delivered property to appellee which he promised to repair and return. This property was subsequently stolen from appellee's premises. Appellee notified his insurer, Indiana Insurance Company, of the loss.

After investigating insurer sent appellee a letter which in relevant part states:

"As you are no doubt aware, your policy covers loss for theft of customer's property for which you shall become *legally obligated to pay.* Under these circumstances, we would deny any claim made against you by those customers and if claims are presented to you by them, you may refer them to our office." (Emphasis added.)

*Record* at 78.

Insurer sent letters of similar import to appellee's customers. Appellee's customers continued to demand payment and at one point threatened to sue appellee. Appellee's letters to insurer provoked only continued denials of liability.

Faced with the possibility of losing two of his largest customers, appellee decided to cover the loss himself. After expending approximately $6,000 to cover the loss, appellee brought an action against his insurer. Appellee sought both compensatory and punitive damages in this action.

Both parties moved for summary judgment. After entering findings of fact and conclusions of law, the trial court granted appellee's motion for summary judgment and awarded him compensatory damages. This appeal results.

On appeal insurer raises only one issue: whether the trial court's grant of appellee's motion for summary judgment was contrary to law.

■ When reviewing the grant or denial of a motion for summary judgment, this Court applies the same standard of review as the lower court. It must be determined that no genuine material issue of fact existed, and the trial court correctly applied the law. *Perry v. Northern Ind. Pub. Serv. Co.* (1982), Ind.App., 433 N.E.2d 44; *Matter of Estate of Belanger* (1982), Ind.App., 433 N.E.2d 39. When an appeal from a summary judgment is based solely on a question of law, this Court stands in the shoes of the trial court. *Rowland v. Amoco Oil Co.* (1982), Ind.App., 432 N.E.2d 414.

Appellant's argument distilled into its most concise form is as follows: Appellee's insurance policy covers only those losses, caused by specific acts covered, which appellee becomes "legally obligated to pay."[1] While appellee's policy covers loss due to theft, appellant's investigation indicated that there was some question whether appellee was liable for the theft at issue. Hence, if appellee was not liable for the theft, the insurance policy does not cover the loss, and consequently appellant has no obligation. Further, appellant contends that this action by appellee was barred since he failed to comply with certain conditions precedent set out in the applicable clause of the insurance policy.[2]

■ Under normal circumstances appellant's argument would be irrefutable. Ordinarily when there has been a bailment for mutual benefit, such as existed between appellee and his customers, the bailee will be held responsible for damage or loss of the bailor's property only when he has failed to act with ordinary care and diligence. *Conner v. Winton* (1856), 8 Ind. 315;

1. "I. COVERAGE AGREEMENTS.
1. The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
\* \* \* \* \* \*
SPECIFIED PERILS COVERAGE—loss to an automobile caused by:
(a) fire or explosion; or
(b) theft or larceny; or
(c) riot or civil commotion; or
(d) malicious mischief or vandalism;
\* \* \* \* \* \*
occurring while such automobile or other property is in the custody of the insured for safe-keeping, storage service or repair[.]" *Record* at 34.

2. "Conditions
\* \* \* \* \* \*
5. Action Against Company. No action shall be against the company unless, as a condition precedent thereto ... the amount of the insured's obligation to pay shall have been finally determined, either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." *Record* at 38.

*Central Transport, Inc. v. Great Dane Trailers* (1981), Ind.App., 423 N.E.2d 675; *Hacker v. Dan Young Chevrolet, Inc.* (1973), 159 Ind.App. 28, 304 N.E.2d 552. Whether the bailee exercised ordinary care and diligence is a matter to be determined by the fact finder. *Central Transport, Inc., supra; Light et al. v. Lend Lease Transportation Co.* (1959), 129 Ind.App. 234, 156 N.E.2d 94. However, the case at bar presents a different factual situation.

 In the instant case appellee has removed himself from the scope of the general rule applicable in mutual benefit bailment situations by his promise to return the customers' property once it was repaired. When a bailee promises to return a bailor's property undamaged, he will be held liable for any damage to the property while in his possession regardless of fault. *Nimet Industries, Inc. v. Joy Mfg. Co.* (1981), Ind. App., 419 N.E.2d 779; *Light et al. v. Lend Lease Transportation Co., supra; Morrow, Inc. v. Paugh* (1950), 120 Ind.App. 458, 91 N.E.2d 858. This principle is applicable whether the bailment contract is written, or oral as in this case. *Spencer v. Glover* (1981), Ind.App., 412 N.E.2d 870. Thus, once the bailed property in appellee's possession was stolen, he became *legally obligated to pay* for that loss as a matter of law.

Finally, appellant contends that this action is barred by appellee's failure to comply with certain conditions precedent set out in the policy. In this case no judgment was entered against appellee, and he settled his customers' claims without the insurer's agreement. However, when an insurer induces the insured to effect self-help to protect himself, it cannot then hide behind the language of the insurance policy to avoid its duty to defend *or* insure. *American Family Mut. Ins. Co. v. Kivela* (1980), Ind.App., 408 N.E.2d 805.

In *Kivela* the insurer had not only denied liability but also refused to defend its insured. While the facts in the case at bar do not establish such a clear case of abandonment of an insured, they nonetheless establish sufficient inducement of the insured to effect self-help. Appellant investigated the claim and was notified by appellee's counsel of case law establishing appellee's liability for the theft. Appellant's continuing denials of liability left appellee in the uncomfortable position of forcing his two best customers to sue him in order to recover damages for their stolen property.

The trial court correctly found that appellant wrongfully denied liability. This continued denial of liability was sufficient to induce appellee to protect himself, and appellant cannot now hide behind the language of the contract in an attempt to avoid its duty to insure. The trial court's grant of summary judgment is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.