**NORRIS AUTOMOTIVE SERVICE, Appellant (Plaintiff and Counter-Defendant Below),**

v.

**Vernon MELTON and Wanda Melton, Appellee (Defendant and Counter–Plaintiff Below).**

No. 03A04–8710–CV–309.

Court of Appeals of Indiana, Fourth District.

Aug. 10, 1988.

Robert L. Dalmbert, Dalmbert, Marshall & Perkins, An Ass'n of Lawyers, Columbus, for appellant.

John F. Rothring, Rothring, Lambring & Black, Seymour, for appellees.

CONOVER, Judge.

Plaintiff–Appellant Norris Automotive Service (Norris) appeals that portion of the trial court's judgment in favor of Defendants–Appellees Vernon and Wanda Melton (the Meltons) on their counterclaim for damages to their automobile.

We affirm.

Norris presents two issues for our review. Restated they are:

(1) whether the trial court erred in holding Norris absolutely liable for damages to the Meltons's automobile; and

(2) whether the Meltons's counterclaim adequately alleged Norris negligently bailed their automobile.

The Meltons took their automobile to Norris for repair work. While in Norris's possession, the car was vandalized. Sometime later, the Meltons picked up their car and tendered a check to Norris for the repair work. They later stopped payment on the check because of the automobile's condition.

Norris initiated this action alleging the Meltons illegally stopped payment on their check. The Meltons counterclaimed, alleging Norris failed to properly repair and store their automobile. The trial court awarded Norris partial relief on its claim and granted judgment on the Meltons's counterclaim. In its judgment the trial court stated:

2. As to Vernon and Wanda Melton's Counter–Claim for Damages, the evidence presented established that Meltons delivered their vehicle to Norris with the express or implied promise from Norris that the same would be returned repaired and undamaged. In such circumstances, the bailor, here Norris, will be liable for any damage to the bailed property while in the bailee's possession, regardless of fault.

See, *Indiana Insurance Company v. Ivetich*, 445 N.E.2d 110 (Ind.App., 1983) and cases cited herein. Clearly, there was damage to the Melton vehicle upon its return by Norris, which reasonable damage is in the sum of $3622.50....

4. Based upon the foregoing, as to Melton's counter-claim for damages against Norris, judgment shall and does enter in favor of Melton's and agaisnt (sic) Norris in the sum of $3,000.00. (Further sums exceed the jurisdictional limits of this proceeding.)

Norris appeals.

Norris contends the trial court erred in holding it absolutely liable for damages to the Meltons's automobile.

■ A bailment is an express or implied agreement between a bailor and bailee. *Stubbs v. Hook* (1984), Ind.App., 467 N.E. 2d 29, 31. The bailee is entrusted to accomplish a specific purpose with the bailor's personal property. When the purpose is accomplished, the bailee returns the property to the bailor, or the bailor reclaims it. *Id.*

A bailment is created when:

1) bailed property is delivered into the bailee's exclusive possession, and

2) the bailee accepts the property.

*Id.*

■ Here, the Meltons delivered their automobile to Norris for repair work. The automobile was in the exclusive possession of Norris while the repairs were being accomplished. Norris accepted delivery of the Meltons's automobile by agreeing to accomplish the repairs. Thus, a bailment was created.

■ When evidence is presented showing the bailee received property in good condition, but it was damaged prior to being returned to the bailor, an inference is raised the bailee was negligent. *Stubbs, supra,* at 31. This inference establishes a *prima facie* case for the bailor and shifts the burden of production to the bailee. *Erbacher v. Wargel* (1984), Ind.App., 465 N.E. 2d 194, 196. In the absence of a bailment contract creating absolute liability the bailee can rebut the inference of negligence by presenting evidence tending to prove the loss, damage, or theft was occasioned without his fault or neglect. *Id.* All evidence is to be considered in determining whether the bailee has met his burden of production. *Id.* Whether or not the bailee

rebuts the bailor's *prima facie* case is a question of fact for the trier of fact. *Erbacher, supra,* at 198. If the bailee meets his burden of production, the burden shifts back to the bailor. *Id.; Jones v. Sommers* (1966), 140 Ind.App. 459, 215 N.E.2d 871, 874. The bailor must then prove the bailee failed to act in conformity with the expected standard of care. *Erbacher, supra,* at 198.

■ The standard of care a bailee owes a bailor is measured by the amount of benefit each party derives from the bailment. Whether or not the bailee has complied with the expected standard of care is a question of fact for the trier of fact. *Erbacher, supra,* at 196. The bailee must use:

(1) slight care when the bailment is for the sole benefit of the bailor,

(2) great care when the bailment is for the sole benefit of the bailee, or

(3) ordinary care when the bailment is for the mutual benefit of the bailor and bailee.

*See, Northern Indiana Slurry Seal, Inc. v. K & K Truck Sales, Inc.* (1975), 167 Ind.App. 440, 338 N.E.2d 704, 706; *Indiana Ins. Co. v. Ivetich* (1983), Ind. App., 445 N.E.2d 110, 112; 4 I.L.E. *Bailment* § 7 (1958).

■ Here, in its special findings of fact the trial court found Norris expressly or impliedly promised to return the Meltons's automobile undamaged, and, as a result, Norris was held absolutely liable for damages to the automobile. The facts in the record, even when viewed in a light most favorable to the Meltons, do not demonstrate Norris made such a promise. The trial court erred in holding Norris absolutely liable because the record contains no evidence Norris promised to return the Meltons's automobile undamaged. However, the trial court entered a general finding along with its special findings.[1]

■ When a judgment contains both general and special findings of fact, the general finding or judgment is dispositive of all issues upon which the court has not expressly found the facts, *Shrum, supra,* at 372. We must affirm a general judgment with special findings if it can be sustained upon any legal theory. *Walters v. Dean* (1986), Ind.App., 497 N.E.2d 247, 254; *Hunter, supra,* 305 N.E.2d at 459.

■ Under the undisputed facts, Norris received the automobile undamaged and returned it to the Meltons in a damaged condition. The burden of production thus shifted to Norris because that evidence raised an inference of negligence on Norris's part. Norris attempted to rebut that presumption by presenting evidence the automobile had been vandalized. The trial court, however, by entering a general finding, determined its evidence was insufficient to overcome the presumption of negligence.

There is substantial evidence of probative value supporting the trial court's general finding Norris failed to use ordinary care in the storage of the Meltons's automobile.

The record reveals Norris (1) knew automobiles at a nearby Ford dealer had recently been vandalized, (2) knew automobiles on his property had been vandalized before, (3) failed to put the automobile in a secure area, and (4) did not have a fence around his property. We find no error here.

Finally, Norris argues the Meltons's counterclaim did not adequately allege he negligently bailed their automobile and the trial court should have granted his motion for continuance since he did not have adequate time to prepare a defense to this claim. We disagree.

■ The Meltons's counterclaim stated in pertinent part:

2. That the Claimant was a bailee or (sic) the motor vehicle as a result of

1. The appellate courts of this state have differentiated between general and special findings of fact. *Hunter v. Milhous* (1974), 159 Ind.App. 105, 305 N.E.2d 448, 458–459. A general finding of fact or judgment is a finding in favor of one party and against the other. *Shrum v. Dalton* (1982), Ind.App., 442 N.E.2d 366, 371. A special finding of fact or judgment is a finding detailing the facts the trial court has relied on in reaching its conclusions of law. *Id.*

Claimant's taking possession of the motor vehicle in order to make repairs.

3. That the repairs were performed by the Claimant in a negligent and unworkmanlike manner and the vehicle was held in a negligent manner.

4. That while the Defendants' motor vehicle was in the possession of Claimant, spare auto parts and documents were removed from the truck and one door and the trunk lid were sprung by persons unknown to the Defendants.

5. As a result of this damage the motor vehicle was reduced in value and the parts were not returned with the vehicle.

This is the age of notice pleading. *Capitol Neon Signs v. Indiana National Bank* (1986), Ind.App., 501 N.E.2d 1082, 1084. In every pleading system the plaintiff (or a party filing a counterclaim, cross-claim, or third party claim) must set forth sufficient information to allege a right to relief. J. Friedenthal, M. Kane, & A. Miller, *Hornbook on Civil Procedure* 274 (1985). Each averment of a pleading must be simple, concise and direct. 23 I.L.E. *Pleading* § 36 (1970). No technical forms of pleading or motions are required. *Id.*

Here, the Meltons alleged (1) a bailment was created, (2) Norris negligently stored the vehicle, and (3) as a result the vehicle was damaged. As a matter of law these allegations set forth sufficient information to allege the Meltons's right to relief. If Norris wanted more details, it could have taken advantage of the various discovery methods available to litigants in Indiana. That it failed to do so cannot be charged as error.

Affirmed.

MILLER and ROBERTSON, JJ., concur.