**J.J. RICHARD FARM CORPORATION,**
Appellant (Intervenor Below),

v.

**STATE of Indiana, Appellee**
(Plaintiff Below).

No. 25A04–9405–CR–177.

Court of Appeals of Indiana,
Fourth District.

Nov. 29, 1994.

C. Richard Oren, Rochester, for appellant.

Pamela Carter, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Intervener J.J. Richard Farm Corporation (Farm), which paid criminal defendant Charles Richard's $50,000.00 cash bail, appeals the trial court's denial of Farm's "motion for return of cash bond to intervening party," as well as the trial court's order directing that $11,635.00 be disbursed to the Clerk's Support Fund in satisfaction of Richard's child support arrearage, $12,500.00 be retained for appellate costs, and the remainder, $25,865.00, be paid to Charles Richard.

We reverse and remand.

### ISSUE

Did the trial court err in ordering the $50,000.00 cash bail, which was posted by Farm, to be disbursed to Richard less $24,135.00 for child support arrearage and future appellate costs?

### FACTS

Richard was arrested on November 4, 1992, and bond was set at $50,000.00. At the time of his arrest, Richard owned a part interest in and ran the milking operation at his family Farm. After his arrest, he sold his shares in the Farm to finance his defense. On November 7, 1992, the Farm shareholders concluded that the Farm was in need of Richard's services to run the milking operation until they could find a replacement; therefore, Farm posted cash bail for Richard by tendering a $50,000.00 cashier's check drawn from Society Bank to the Fulton County Sheriff for which Farm received a receipt. The $50,000.00 was at some point transferred to the Fulton County Clerk's Office, and posted in Richard's name. While Richard was out on bail, the Farm reimbursed him for his services by providing a place to live, groceries, and incidentals. Furthermore, Richard attended all scheduled court appearances.

Richard was convicted on August 31, 1993, and remanded to the custody of the Fulton County Sheriff. The following day, the Fulton County prosecuting attorney filed a motion for attachment in Cause Number 25C01–8505–DR–267 seeking to recover $11,635.00 in child support arrearage from the $50,000.00 cash bail being held by the Fulton County Clerk. At the hearing on this motion, it was established that Richard did, in fact, owe the child support, and that Farm, which appeared as an interested party, had posted the $50,000.00 bail. Following oral argument, the circuit court took the matter under advisement with no order ever being issued in this proceeding. On September 27, 1993, Farm filed a motion to intervene in Cause Number 25C01–9211–CF–126, Richard's criminal matter, which asserted ownership of the $50,000.00 and requested that the money be returned to Farm. The circuit court did not hold a hearing on this motion.

On November 10, 1993, the circuit court sentenced Richard. Later, on January 13, 1994, it entered an order in the criminal matter which directed the ˙Fulton County Clerk to disburse the $50,000.00 as follows:

a. Payment to the Clerk's Support Fund for cause no. 25C018508DR00267 the amount of Eleven Thousand Six Hundred Thirty-five and No/100 ($11,635.00) Dollars;

b. Retain the sum of Twelve Thousand Five Hundred and No/100 ($12,500) Dollars for payment of attorney fee and cost of transcript and appeal in this cause;

c. Payment of the balance to Charles A. Richard, or at his direction, presently contemplated to be in the amount of Twenty-five Thousand Eight Hundred sixty-five and No/100 ($25,865.00) Dollars.

R. at 21.

### DECISION

Farm refers us to *Turner v. Clary* (1993), Ind.App., 606 N.E.2d 878, in support of its

argument that the $50,000.00 should be returned to it because the law of bailment controls the disposition of bond money. Without cogent argument and without citation to relevant authority, the State argues that Farm's reliance is misplaced. We agree with Farm.

In *Turner,* Walker posted $10,000.00 cash bail for Clemente's release from jail. They hired Clary, an Indiana attorney, to represent Clemente and agreed to pay him $20,-000.00. Later, Walker hired Turner, a Kentucky attorney, to represent Clemente in a federal district court in Kentucky. Walker assigned Turner all of his rights, title and interest in the $10,000.00 cash bail posted for Clemente in the Indiana proceedings as partial payment of attorney fees. Some months later, Clary, the Indiana attorney, filed suit against Walker and Clemente claiming they had breached their representation agreement. He also obtained a pre-judgment attachment of Walker's interest in the $10,-000.00 bail. Subsequently, Turner, the Kentucky attorney, filed a motion to release the assigned funds. Clary obtained a default judgment against Walker and Clemente and at a hearing on the proper disposition of the funds, the trial court found for Clary.

On appeal, Clary argued that "the trial court's judgment should be affirmed because Walker's assignment to Turner constituted an equitable assignment which was inferior to his lien." *Id.* at 879. He "claimed that Walker did not have a present interest in the cash bail bond which was capable of being assigned to Turner." *Id.* Clary further posited that "Walker's right to the return of the $10,000.00 [was] a future interest, growing out of circumstances not yet in existence, and therefore Walker's assignment of that right constituted an equitable assignment." *Id.*

■ This court disagreed with Clary's characterization of the assignment as equitable and concluded that "the law with respect to general bailment provides sufficient guidance" in determining a depositor's interest in a cash bail bond. *Id.* at 880. This court then continued:

"A bailment is an express or implied agreement between a bailor and a bailee in which the bailee is entrusted to accomplish a specific purpose with the bailor's personal property and when the purpose is accomplished, the property is returned to the bailor. *Norris Automotive Service v. Melton* (1988), Ind.App., 526 N.E.2d 1023. Similarly, when a cash bail bond is posted to secure the release of a criminal defendant, the funds are held by the clerk while the defendant is at large and returned to the depositor unless the bond is forfeited due to the defendant's failure to appear. *See generally* Ind.Code 35–33–8 and 35–33–9; *see also State v. Long* (1991), Ind. App., 568 N.E.2d 1108, *trans. denied.*

"As a general rule, a bailment involves no transfer of ownership and the bailee acquires only a possessory interest in the property during the bailment. *McDonald's Chevrolet, Inc. v. Johnson* (1978) 176 Ind.App., 399, 376 N.E.2d 106. Accordingly, the deposit of a cash bail bond would not extinguish the depositor's interest in the bond until the bond was actually forfeited.... So, while the money posted as a cash bail bond is subject to forfeiture, there is no reason to conclude that a depositor loses his present interest in the funds deposited.

"Contrary to Clary's assertions, the money deposited as a cash bail bond is not money to be acquired in the future, rather it is money that exists in the present but is subject to a condition which might occur in the future. We therefore conclude Walker had a present interest in the $10,000.00 he had deposited as a cash bail bond for Clemente which could be transferred to Turner."

*Turner, supra* at 880. We agree with the reasoning in *Turner.* It is undisputed that Farm posted Richard's cash bail and we, therefore, conclude that Farm's deposit of the cash bail did not extinguish its present interest in the $50,000.00. Accordingly, the trial court erred when it failed to order the Fulton County Clerk to remit the $50,000.00 to Farm.

■ In an effort to circumvent the dictates of *Turner*, the State argues that the language found in Ind.Code 35–33–8–3.1(b) requires the clerk to remit the posted bail to the defendant himself, in this case Richard, upon disposition of the case.[1] However, the State relies on subsection (b) to the exclusion of subsection (a) and, as a result, improperly takes subsection (b) out of context. I.C. 35–33–8–3.1 provides in pertinent part:

"(a) The court may admit the defendant to bail and impose any of the following conditions to assure the defendant's appearance at any stage of the legal proceedings:

(1) *Require the defendant* to execute a bail bond with sufficient solvent sureties or *to deposit cash* or securities in an amount equal to the bail, or to execute a bond secured by real estate in the county...."

(2) Require the defendant to execute a bail bond by depositing cash or securities with the clerk of the court in an amount not less than ten percent (10%) of the bail.... If any assigned counsel represents the defendant and there are publicly paid costs of representation, the deposit shall be retained by the clerk and disposed of *in accordance with subsection (b)....*

\* \* \* \* \* \*

"(b) Within thirty (30) days after disposition of the charges against the defendant, the court that admitted the defendant to bail shall order the clerk to remit the difference, if any, between *the amount of the deposit made under subsection (a)(2)* ... and the publicly paid costs of representation, if any, to the defendant...."

(Emphasis added). Farm deposited cash in an amount equal to Richard's bail. Cash deposits are governed by I.C. 35–33–8–3.1(a)(1). The remittance of bail money directly to the defendant as contemplated by I.C. 35–33–8–3.1(b) applies only when the defendant has been admitted to bail under I.C. 35–33–8–3.1(a)(2) by posting ten percent of the bail directly to the clerk of the court.

In a similar vein, the trial court relied upon Ind.Code 35–33–8–7(f) as authority for ordering the balance of the $50,000.00 to be remitted to Richard instead of Farm. R. at 21. I.C. 35–33–8–7(f) provides:

"(f) The clerk shall return a deposit ... *made under section 3.1(a)(2)* of this chapter to the defendant, if the defendant appeared at trial and the other critical stages of the legal proceedings."

(Emphasis added). While it is true that Richard attended all court proceedings, the trial court, like the State, failed to recognize that this provision applies only to those defendants who make ten percent deposits pursuant to I.C. 35–33–8–3.1(a)(2).

■ Furthermore, with respect to the trial court's order directing the clerk to disburse $11,635.00 of the $50,000.00 in satisfaction of Richard's child support arrearage, we know of only one situation where a defendant's bail money may be applied to a debt owed by the defendant. I.C. 35–33–8–7 provides in pertinent part as follows:

"(a) If a defendant:

(1) was admitted to bail under section 3.1(a)(2) of this chapter; and

(2) has failed to appear before the court as ordered;

the court shall issue a warrant for the defendant's arrest.

"(b) In a criminal case, if the court having jurisdiction over the criminal case receives

---

1. Although it is not clear, the State also appears to argue that the language of I.C. 35–33–8–3.1(a)(1) requires the clerk to remit the posted bail to Richard because the subsection makes no mention of third parties posting cash bail, but rather refers to the defendant posting cash bail. In support of its argument, the State directs our attention to forty to fifty year old authority from other jurisdictions in a further effort to circumvent the dictates of *Turner*. We believe, however, that *Turner* clearly indicates that in Indiana, a third party who posts cash bail for another does not lose his or her interest in the money and is entitled to its return if the defendant appears in court as required.

written notice of a pending civil action or unsatisfied judgment against the criminal defendant arising out of the same transaction or occurrence forming the basis of the criminal case, funds deposited with the clerk of the court under section 3.1(a)(2) of this chapter may not be declared forfeited by the court.... If there is an entry of final judgment in favor of the plaintiff in the civil action, and if the deposit and the bond are subject to forfeiture, the criminal court shall order payment of all or any part of the deposit to plaintiff...."

Once again, this provision clearly applies only when the defendant was admitted to bail under I.C. 35–33–8–3.1(a)(2). Furthermore, it applies only to a civil action arising out of the criminal case, and only when the defendant has failed to appear. None of these circumstances exist here. We conclude the trial court erred in ordering the Fulton County Clerk to disburse $11,635.00 to the Clerk's Support Fund in satisfaction of Richard's child support arrearage.

■ Finally, in its order, the trial court elaborated upon its decision to direct the clerk to retain $12,500.00 of the $50,000.00 for Richard's future appellate costs as follows in pertinent part:

### MEMORANDUM

"Charles Richard is certainly entitled to take direct appeal, but he is not indigent....

"Charles has $50,000 in cash payable to him, held by the clerk, with a lien for support against some of it. He clearly is not indigent, although the proper course for the Court is unclear in view of *Hendricks v. State*, 615 NE 2d 483 (1993). Should he indicate his desire to take over the appellate arrangement, the Court will make these funds available to him for the purpose. However, when it continues to appear that the Court will have to appoint counsel for him because of his failure to act, and will need to intervene for creation of the transcript and payment of other costs, and when it remains apparent that these funds will be the sole source for payment of the obligation, then this Order is appropriate."

R. at 22. We note, however, that the statutory provision for retention of bond money as compensation for publicly provided representation applies only when the defendant has posted a ten percent bond with the clerk of the court. I.C. 35–33–8–3.1(a)(2) and (b), *supra*. Moreover, this court has made it clear that these provisions apply only to the costs of a publicly provided trial defense. *Hendrix v. State* (1993), Ind.App., 615 N.E.2d 483. With respect to appellate costs we held that "the publicly paid costs of appellate representation are unknown and unascertainable at the initiation of an appeal" and, therefore, "preclude the application of the cash trial bail to the publicly paid costs of appellate representation." *Id.* at 486.

■ The State argues, nevertheless, that here "it is apparent that such costs were ascertainable. Therefore, such costs should be properly retained by the county." Appellee's brief at 7. The State cites no facts which support this assertion, however, and a thorough review of the record fails to reveal any evidence which indicates that Richard's appellate costs were ascertainable. Additionally, the trial court's own "MEMORANDUM," *supra*, is highly speculative and totally devoid of findings of fact which would support its order directing the retention of $12,500.00 for future appellate costs. We, therefore, conclude the trial court erred in ordering the Fulton County Clerk to retain $12,500.00 for future appellate costs.

Reversed and remanded with instructions to return the $50,000.00 cash bail to Farm.

KIRSCH, J., concurs.

CHEZEM, J., concurs in result.