Steven D. PITMAN, Appellant–Plaintiff,

v.

Stanley PITMAN, Dru Hall and S.D.P. Manufacturing, Inc., Appellees–Defendants.

No. 38A02–9807–CV–608.

Court of Appeals of Indiana.

Oct. 14, 1999.

Dale E. Hunt, Donald H. Dunnuck, Mitchell E. Pippin, Muncie, Indiana, Attorneys for Appellant.

Bruce W. McLaren, Mary Louise Dague Buck, Warner, Wallace, McLaren & Dague, Muncie, Indiana, Attorneys for Appellees.

### OPINION

MATTINGLY, Judge

Steven D. Pitman (Steven) appeals the trial court's judgment of $38,000.00 in favor of S.D.P. Manufacturing, Inc. (S.D.P.). We restate the issues he raises on appeal as follows:

1. Whether the trial court erred in finding Steven liable as a bailee;

2. Whether the trial court erred in finding the value of an experimental backhoe to be $38,000.00; and

3. Whether the trial court deprived Steven of due process of law when it allowed him to proceed without counsel.

Affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

▪ S.D.P. is a corporation originally founded by Samuel D. Pitman (Samuel), Dixie Pitman, and six of their children, including Steven and Stanley Pitman (Stanley). Steven was an employee of S.D.P. but was terminated. He then filed a small claims action against Stanley, Dru Hall and S.D.P. to recover some of his personal property located at S.D.P.'s place of business. S.D.P. in turn requested the case be moved to the plenary docket and filed a counterclaim against Steven for the return of an experimental backhoe Steven had borrowed.

Steven appeared without counsel at trial. Evidence was presented that while Steven was an employee of S.D.P., he borrowed an experimental backhoe and took it to his residence to do some work there. Stanley and Scott Pitman testified that the backhoe belonged to S.D.P. Steven testified and attempted to elicit testimony from others that the backhoe actually belonged to his father, Samuel.

Steven failed to return the backhoe after borrowing it, despite repeated requests by S.D.P. to do so. In September of 1997,

---

1. Steven's Statement of the Facts does not comply with our rules, which require a narrative and fair statement of the facts devoid of argument. A Statement of the Facts should be a concise narrative of the facts stated in a light most favorable to the judgment, and should not be argumentative. *Nehi Beverage Co., Inc. of Indianapolis v. Petri,* 537 N.E.2d 78, 82 (Ind.Ct.App.1989).

By contrast, Steven's Statement of the Facts is a transparent attempt to discredit the trial court's judgment and is clearly not intended to be a vehicle for informing this court. For example, Steven offers as "facts" such legal conclusions and argumentative statements as: "Steven ... was fired without cause from the family business," (Br. of Appellant at 5); "Stanley knew that Sam, his father, had retaken possession of the backhoe ... and still sued Steve," (Br. of Appellant at 5); "[t]he bogus nature of the 'counter-claim' was explored by Steve with Stanley," (Br. of Appellant at 5); "[t]here was no actual or implied contract of 'bailment,'" (Br. of Appellant at 6); and "Stanley ... creatively testified that the backhoe was worth 38,000.00." (Br. of Appellant at 6) (citations to record omitted).

Steven reported the backhoe as stolen and filed a police report regarding its theft. At trial, Steven maintained that Samuel had removed the backhoe from his property.

The trial court found that a bailment for mutual benefit had existed between Steven and S.D.P. relating to the backhoe. The court also found that Steven had not rebutted the inference that he was negligent in the care of the backhoe while it was in his possession. Stanley testified that the value of the backhoe, which was experimental and in the process of being developed, was $38,000.00. The trial court entered judgment against Steven in that amount.

## STANDARD OF REVIEW

In a case tried to the court without a jury, we may not reverse the trial court's decision unless it is clearly erroneous. *Stubbs v. Hook*, 467 N.E.2d 29, 31 (Ind.Ct.App.1984). We give due regard to the trial court's opportunity to judge the credibility of witnesses. *Id.* We neither weigh the evidence nor judge credibility of witnesses; rather, we look solely to the evidence most favorable to the judgment together with all reasonable inferences arising therefrom. *Id.* Only when this evidence is without conflict and leads to a conclusion contrary to the one reached by the trial court will we reverse the trial court's decision as being contrary to law. *Id.*

## DISCUSSION AND DECISION

1. *Bailment*

a. *Existence of Bailment Relationship*.

Steven argues the trial court erred as a matter of law when it held him liable as a bailee.[2] We disagree.

A bailment is an agreement, either express or implied, that one person will entrust personal property to another for a specific purpose and that when the purpose is accomplished the bailee will return the property to the bailor. *Kottlowski v. Bridgestone/Firestone, Inc.*, 670 N.E.2d 78, 82 (Ind.Ct.App.1996). The standard of care required of a bailee is determined by the benefit each party derives from the bailment. *Norris Automotive Serv. v. Melton*, 526 N.E.2d 1023, 1026 (Ind.Ct.App.1988). A bailee need use only slight care when a bailment is for the sole benefit of the bailor,[3] must exercise great care when the bailment is for the sole benefit of the bailee, and must exercise ordinary care when the bailment is for the mutual benefit of the bailor and the bailee. *Id.* Whether a bailee has complied with the expected standard of care is a question of fact for the trier of fact. *Id.*

Steven seems to argue that a bailment does not exist because neither Stanley nor S.D.P. was the true owner of the backhoe. Evidence at trial showed that Stanley and/or S.D.P. were involved in a dispute with Samuel over ownership of the patent to the backhoe. However, other testimony presented at trial showed that, while there may be some dispute over the ownership of the patent to the backhoe, the actual backhoe itself was the property of S.D.P. (R. at 123.) Steven himself testified that the backhoe was the property of S.D.P. (R. at 113.) As a result, the trial court did not err in finding that a bailment relationship existed.

Steven also argues the trial court erred in finding that the bailment relation-

---

**2.** Steven argues that the trial court abused its discretion when it failed to give credence to his testimony. We must decline his invitation to reweigh the evidence and substitute our judgment for that of the trial court. Further, we note that Steven cites no legal authority for his allegation that the trial court abused its discretion. Failure to support contentions of error with citation to relevant authority results in waiver of the issue for appellate review. Ind. Appellate Rule 8.3(A)(7); *Huff v. Langman*, 646 N.E.2d 730, 732–33 (Ind.Ct. App.1995).

**3.** This type of bailment is a "gratuitous bailment." Black's Law Dictionary 180 (4th ed. rev.1968).

ship was for mutual benefit rather than a gratuitous bailment. We disagree. It is clear that Steven was not a gratuitous bailee because he did not hold the backhoe for the sole benefit of S.D.P.. the bailor. Steven benefitted from the bailment, as he took the backhoe home to do some work on a sewer line. Stanley testified that S.D.P. would receive some benefit from Steven's use of the machine, as it would obtain information about the experimental backhoe's performance. Because both parties were to receive a benefit from the bailment, the trial court properly found that the bailment relationship was one for mutual benefit.

∎ When the evidence presented reveals that the bailee received the property in good condition, but it was lost prior to being returned to the bailor, an inference is raised that the bailee was negligent. *Kottlowski,* 670 N.E.2d at 82. The bailee must then explain the loss of the goods and show the lack of negligence. *General Grain, Inc. v. International Harvester Co.,* 142 Ind.App. 12, 16, 232 N.E.2d 616, 618 (1968). As Steven was presumed to be negligent, and as he produced no evidence that the backhoe's disappearance was not due to his negligence or fault, the trial court did not err in finding Steven liable to S.D.P. for the value of the backhoe.

### b. *Closely–Held Corporation*

∎ Steven further argues that the trial court erred in holding him liable as a bailee within the context of a family struggle in a closely-held corporation. His argument is as follows:

> The closely held or "family" "corporation" is another form of legal fiction. It is a tax device most often and in common experience does not usually have corporate books or active corporate agendas unless the time comes when one part of the family decides to throw the other out the door. That is the context in which this case arises.
>
> . . . .

While it may make sense to treat the "family corporation" as a serous [sic] legal entity some of the time, it is silly at best to treat it as a true commercial enterprise all of the time. The trial court erred here in giving strict legal and commercial respect to a corporate entity that does not deserve to be taken seriously. To the extent that public policy may be a factor in assessing the propriety of the trial Court's ruling, consider that the corporation, as represented by Stanley, is busy violating the **Fifth Commandment** by their [sic] course of conduct to dis-honor their father Sam. As Dr. Laura Schlessinger reports in her book, **The Ten Commandments**, 319 pages, Harper Collins, Chapter 5, page 127; it is wrong even to cause public embarrassment to a parent, and, a parent is to be respected and mourned more than a spouse or child. We often speak of the "founding fathers"; the Judaeo–Christian ethic embodied by, among other things, the Ten Commandments, was very much a part of our fundamental law. Hopefully, it is still appropriate to point out that this "family corporation" deserves no respect as a legal entity since it is behaving in a fashion contrary to fundamental principles of family law. The trial Judge's deference to the "corporation" and his according its family feud type conduct commercial legal standing is exactly the opposite result that this evidence calls for and is an abuse of discretion. The Judge should have refused to help Stanley dishonor his father.

(Br. of Appellant at 12–13 (emphasis in original) (citations omitted)).

The matters presented to the trial court in this case involved Steven's claim against Stanley, Hall, and S.D.P. for the return of certain personal property of Steven's and S.D.P.'s counterclaim against Steven for damages resulting from Steven's failure to return the company's backhoe. The trial court was not called upon to resolve the Pitman family's personal quarrels nor to

decide whether S.D.P.'s corporate form was proper. This section of Steven's brief presents no specific allegation of error on the part of the trial court relative to its decision that a bailment relationship existed. Rather, Steven has argued that the trial court's legal determinations on the claims presented to it should have been influenced by the Pitman family's squabbles, the dictates of the Judeo–Christian ethic, and the opinions of a popular radio talk-show host.

■ As we have stated many times before, we will not consider a claimant's assertions on appeal where counsel has not presented a cogent argument supported by legal authority and references to the record as required by the rules. *Young v. Butts,* 685 N.E.2d 147, 150 (Ind.Ct.App. 1997). As shown by the quote from Steven's brief, he has not presented cogent argument supported by legal authority.

■ Further, Steven did not argue at trial that the trial court should consider S.D.P.'s corporate status in rendering its judgment. As such, his argument that the trial court should not have held him liable as a bailee because S.D.P. was a closely-held family corporation fails to present for our review an issue which was presented to the trial court, let alone an assertion of error on the part of the trial court. It is well-settled that a party cannot argue on appeal an issue which was not properly presented to the trial court. *Franklin Bank and Trust Co. v. Mithoefer,* 563 N.E.2d 551, 553 (Ind.1990); *Carr v. Carr,* 685 N.E.2d 92, 95 (Ind.Ct.App.1997); *Bonaventura v. Leach,* 670 N.E.2d 123, 128 (Ind.Ct.App.1996). When an issue is not presented before the trial court, appellate review of that issue is waived. *Mitchell v. Stevenson,* 677 N.E.2d 551, 558 (Ind.Ct. App.1997), *trans. denied; Frances Slocum Bank and Trust Co. v. Estate of Martin,* 666 N.E.2d 411, 413 (Ind.Ct.App.1996).

■ We will not expound on the significance of the Pitman family's disputes because those quarrels are unrelated to the litigation which is the subject of this appeal. The existence of an actual controversy is a requisite to appellate jurisdiction, since appeals are not allowed for purposes of settling abstract questions but only to correct errors injuriously affecting the appellant. *In re Visitation of J.O.,* 441 N.E.2d 991, 993 (Ind.Ct.App.1982). As Steven has not alleged any specific error on the part of the trial court, did not address before the trial court the issues of which he now seeks our review, and has failed to provide cogent argument supported by legal authority, he has waived our review of this issue.

### 2. *Valuation of Property*

■ Steven argues the trial court improperly accepted Stanley's testimony that the market value of the backhoe was $38,000.00 instead of other conflicting valuations introduced by Steven. Again, we note that Steven makes this allegation of error without providing any reference to legal authority. Our consideration of this issue is thus waived. Further, Steven is in essence again asking us to reweigh the evidence and substitute our judgment for that of the trial court. This we will not do. The trial court was presented with sufficient evidence to justify its finding that the backhoe had a value of $38,000.00.

### 3. *Deprivation of Due Process*

■ Steven asserts that the trial court deprived him of his right to due process of law by allowing him to proceed without counsel:

> [T]he context of this case suggests that the trial Court, before imposing "bailee" (or almost an "insurer") liability and holding Steve accountable in a case with thousands of dollars at stake and with a "shifting" burden of proof ought to have a duty to require or urgently "suggest" to Steve that he had better have a lawyer help him with this case.

> Why? It started as a small claims case. There were a number of times the Court had to correct Steve during the

hearing ... when he tried to do some-thing clearly incorrect, and the times when the Court cut Steve off when he was attempting to bring out something proper.... Maybe, in the "hurley bur-ley" of a "family feud" even if there are not **thousands** of dollars and **property rights** at stake, there is still another good reason why the trial Court in a case like this one, should make as sure as possible that someone like Steve does not make a foolish mistake in litigation. Maybe we owe all of the "Steves" out there a really fair trial....

(Br. of Appellant at 15).

The record is devoid of any evidence that Steven ever made a request for an attorney. Nor did he complain at any time that he was not represented by an attor-ney. He did testify that he had "talked to attorneys of support litigations and dis-cussed this backhoe case with them." (R. at 112.) This suggests that Steven had consulted with attorneys during the course of preparing his case. We decline to im-pose upon the trial court in this case an obligation to "require or urgently suggest" to Steven that he obtain counsel.

■ Further, we take exception to the following statements contained in Appel-lant's brief: "[D]ifficulty in the pro se liti-gant case prevents the proper presentation of the evidence on valid issues and irritates the trial Judge and distracts from the needed presentation of evidence. It might even contribute to a trial Judge finding a "bailment" when there isn't one." (Br. of Appellant at 15); "[T]he legal system is the somewhat unwitting accomplice of Stanley and his evil purpose." (Br. of Appellant at 6); and "The Judge should have refused to help Stanley dishonor his father." (Br. of Appellant at 13).

■ We have the plenary power to or-der a brief stricken from our files for the use of impertinent, intemperate, scandal-ous, or vituperative language on appeal impugning or disparaging this court, the trial court, or opposing counsel. *B & L*

*Appliances & Servs., Inc. v. McFerran,* 712 N.E.2d 1033, 1038 (Ind.Ct.App.1999).

As our supreme court noted in *Pitts-burgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Muncie & Portland Traction Co.:*

Counsel has need of learning the ethics of his profession anew, if he believes that vituperation and scurrilous insinua-tion are useful to him or his client in presenting his case. The mind, con-scious of its own integrity, does not re-spond readily to the goad of insolent, offensive, and impertinent language. It must be made plain that the purpose of a brief is to present to the court in concise form the points and questions in controversy, and by fair argument on the facts and law of the case to assist the court in arriving at a just and proper conclusion. A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect, or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel. Invectives are not ar-gument, and have no place in legal dis-cussion, but tend only to produce preju-dice and discord.

166 Ind. 466, 466, 77 N.E. 941, 941–42 (1906).

As a result, we strike all of the passages which we have cited from the Brief of Appellant. The trial court's judgment is affirmed.

Affirmed.

SHARPNACK, C.J., and BAKER, J., concur.