*414 Pyle, Judge
dissenting.
I respectfully dissent from the majority’s opinion. Bail is a right guaranteed under Article 1 § 17 of Indiana’s Constitution. It is a cherished and traditional right. Fry v. State, 990 N.E.2d 429 (Ind. 2013). Appearing under Indiana Code §§ 35-33-8-0.1 through 35-33-8-11, bail bonds are regulated by statute. A “bail bond” is defined as “a bond executed by a person who has been arrested for the commission of an offense, for the purpose of ensuring (1) the person’s appearance at the appropriate legal proceeding; (2) another person’s physical safety; or (3) the safety of the community.” Ind. Code § 35-33-8-1. No other purpose is stated. To further these, and only these, purposes, the bail statutes allow certain fees (including attorney fees) to be deducted from the amount of bail deposited with clerk; the bail statutes also provide a deadline within which bail deposits must be returned, to the defendant upon disposition of the case. I.C. § 35-33-8-3.2. In addition, the only condition under which our General Assembly permits a third party to attach bond monies to satisfy a civil judgment against a criminal defendant is when the criminal charges arise out of “the same transaction or occurrence .... ” I.C. § 35-33-8-7(b) (emphasis added). Because bail statutes are criminal statutes which must be strictly construed, I would conclude that the absence of legislative authorization allowing unrelated third parties to bring civil judgments into criminal courts to attach bond money means that there is no error in this case. See Hook v. State, 775 N.E.2d 1125 (Ind. Ct. App. 2002). Despite any local rule to the contrary, Garner was without authority to seek attachment of the bond money in this criminal case.
In addition, allowing third parties to bring civil judgments into criminal courts also ignores the common law governing bail bonds. We have held that the law of bailments governs bail bonds. J.J. Richard Farm Corp. v. State, 642 N.E.2d 1384 (Ind. Ct. App. 1994). “ A bailment is an express or implied agreement between a bailor and a bailee in which the bailee is entrusted to accomplish a specific purpose with the bailor’s personal property and when the purpose is accomplished, the property is returned to the bailor.’ ” Id. at 1386 (quoting Norris Automotive Service v. Melton, 526 N.E.2d 1023, 1025 (Ind. Ct. App. 1988) (emphasis added)). There is no transfer of the right of ownership in a bailment contract. Id. In other words, Garner also has no common law basis for attempting to attach bond money with a civil judgment.
Here, Kempf s bond money was to serve the specific purposes listed in Indiana Code § 35-33-8-1. Eees could be deducted and/or attached only as authorized by statute. Otherwise, once the specific purpose was accomplished upon the disposition of the criminal case, any remaining balance must be returned to Kempf.