**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 21 2014, 8:58 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JACK G. HITTLE**
Church, Church, Hittle & Antrim
Noblesville, Indiana

ATTORNEY FOR APPELLEE:

**JOHN P. SEIB**
Pittman & Page
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DON RUDD, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 29A04-1306-PL-294 |
| ) | |
| ADAM COMPTON, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Judith S. Proffitt, Senior Judge
Cause No. 29D02-1204-PL-3524

**February 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Donald Rudd appeals the denial of his motion to correct error after Adam Compton obtained a judgment against him.

We affirm.

**Issue**

Rudd raises two issues for our review, which we consolidate and restate as:

Whether the trial court abused its discretion in denying his motion to correct error.[1]

**Facts and Procedural History**

In June 2008, Compton and Rudd entered into an agreement wherein Compton delivered his 1997 Barth Recreational Vehicle (RV) to Rudd to sell for a commission. Rudd placed the RV in his sales lot in Westfield, Indiana. When the RV was returned to Compton in September 2010, a broken window was taped over with duct tape. When Compton attempted to enter the RV, he noticed that the steps leading up to it were broken. Once he got into the RV, Compton noticed that the cabinets had been pulled out. He looked for the key

---

[1] Rudd makes a cursory argument that the trial court erred in entering judgment in favor of Compton because Compton named Rudd, and not Rudd Enterprises, as the defendant. Rudd has waived this issue because he failed to cite authority in support of his argument. See In re Estate of Carnes, 866 N.E.2d 260, 265 (Ind. Ct. App. 2007) (stating that failure to cite case law or statutory authority in support of argument results in waiver of that argument on appeal). Rudd makes another cursory argument that the amount of damages awarded was not reasonable. This issue is also waived because he failed to object to the damages at trial. See Pattison v. State, 958 N.E.2d 11, 20 (Ind. Ct. App. 2011), trans. denied, (stating that the failure to object at trial results in waiver of the issue on appeal). Further, a pro se litigant is held to the same standard as a licensed lawyer. Goossens v. Goossens, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005). Contrary to Rudd's argument, the trial court had no obligation to invite Rudd to object to Compton's exhibits.

2

so that he could start the RV and eventually found it broken off in the ignition. The generators did not work, and one of the four batteries was missing. The other three batteries were not hooked up. He telephoned his mechanic for help to start the RV, but the mechanic told Compton that the RV's problems were "way beyond [him]." Tr. p. 21.

Compton's acquaintance, Jonathan Meese, came over to look at the RV. Meese noticed that the bottom of the RV's storage compartments had rusted through. There were leaves on top of the motor, water in the fuel, and the batteries needed to be replaced. Meese was able to get the RV started and drove it to Tom Raper's RV's in Richmond, Indiana, which was the only business Compton found that would repair the fourteen-year-old RV. Tom Raper's looked over the RV in August 2011 and sent Compton an itemized estimate of repairs, including replacing the broken window, step assembly, key ignition system, rusted compartments, and generator and repairing the cabinet assembly, the large door assembly, the door lock assembly, and the toilet and water system. The cost of repairs was $24,684.29, including $17,465.24 for the generators.

In April 2012, Compton filed a Complaint for Damages against Rudd seeking a judgment commensurate with the damages to his RV. At the November 27, 2012, bench trial, where Rudd proceeded pro se, Compton testified that "all the parts and everything was running well" when he delivered the RV to Rudd. Tr. p. 9. He explained that the estimated repairs reflected the damages that occurred to the RV after he delivered it to Rudd. Compton asked the trial court to award him $25,793.66, which included the $24,684.29 for the Tom Raper's repairs, $100.00 to Meese for driving the RV to Tom Raper's, $500.00 to Meese for

3

gas and battery replacement, $80.37 for winterization, and $429.00 in storage fees at Tom Raper's pending the outcome of the case. Thereafter, the trial court entered judgment in favor of Compton for the $25,793.66 that he requested. Rudd filed a motion to correct error, which the trial court denied on December 4, 2012, after a hearing. Rudd appeals.

**Discussion and Decision**

Rudd appeals the denial of his motion to correct error. A trial court has broad discretion when granting or denying a motion to correct error, and we will reverse its decision only when it abuses that discretion. Life v. F.C. Tucker Company, Inc., 948 N.E.2d 346, 349 (Ind. Ct. App. 2011). A trial court abuses its discretion when its decision is against the logic and effect of the facts and circumstances before it or the reasonable inferences that may be drawn therefrom, or if the trial court has misinterpreted the law. Id.

We also consider the standard of review for the underlying ruling. Id. Here, following a bench trial, the trial court ordered Rudd to pay Compton $25,793.66. In the appellate review of claims tried by the bench without a jury, this court will not set aside the judgment unless it is clearly erroneous, and due regard shall be given to the trial court to judge the credibility of witnesses. Bennett v. Broderick, 858 N.E.2d 1044, 1047 (Ind. Ct. App. 2006), trans. denied. In determining whether the judgment is clearly erroneous, we will not reweigh the evidence or determine the credibility of witnesses but will consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. Id. at 1047-48. Where, as here, the trial court makes no specific findings, a general judgment standard applies, and we may affirm on any legal theory supported by the

4

evidence adduced at trial. <u>Argonaut Insurance Company v. Jones</u>, 953 N.E.2d 608, 614 (Ind. Ct. App. 2011), <u>trans.</u> <u>denied</u>.

Rudd argues that the trial court erred in entering judgment in favor of Compton. Our review of the evidence reveals that the parties entered into a bailment, which may be either express or implied. <u>See</u> <u>Pitman v. Pitman</u>, 717 N.E.2d 627, 631 (Ind. Ct. App. 1999). Specifically, a bailment arises when the bailor delivers his personal property into the exclusive possession of the bailee, and the bailee accepts the property. <u>Cox v. Stoughton Trailers, Inc.</u>, 837 N.E.2d 1075, 1083 (Ind. Ct. App. 2005). Here, whether by written contract or oral agreement, Compton was the bailor and Rudd the bailee with respect to the RV.

While in possession of the bailed property, the bailee must exercise the degree of care commensurate with the benefit he derives from the arrangement. <u>United Farm Family Insurance Company v. Riverside Auto Sales</u>, 753 N.E.2d 681, 684-85 (Ind. Ct. App. 2001). Specifically, when the bailment is solely for the bailee's benefit, he owes a high degree of care. <u>Id.</u> at 685. If the bailment is solely for the bailor's benefit, the bailee owes only slight care. <u>Id.</u> Lastly, when the arrangement inures to the benefit of both parties, the bailee owes ordinary care. <u>Id.</u> Evidence that the property was received by the bailee in good condition, but returned damaged, creates an inference that the bailee failed to exercise appropriate care. <u>Id.</u> Once this inference of negligence is created, the burden of production shifts to the bailee to produce evidence to the contrary. <u>Id.</u> For example, the bailee can rebut the inference of negligence by presenting evidence tending to prove the loss, damage, or theft was occasioned

without his fault or neglect.  Id.  The determination of the bailee's compliance with the applicable standard of care is a question of fact for the trial court.  Id.

Here, Rudd received the RV from Compton in good condition, but it was returned to Compton with significant damage.  This created an inference that, as bailee, Rudd failed to exercise ordinary care.  Because Rudd was presumed to be negligent and failed to produce evidence that the damage was not due to his negligence or fault, the trial court did not err in ordering Rudd to compensate Compton for the damages to his RV.  See Pitman, 717 N.E.2d at 627.

## Conclusion

The trial court did not abuse its discretion by denying Rudd's motion to correct error. We affirm.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.