Larry PINKTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0205–CR–412.

Court of Appeals of Indiana.

April 21, 2003.

Teresa D. Harper, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

Larry Pinkton ("Pinkton") was convicted of theft,[1] as a Class D felony, and found to be an habitual offender in Marion Superior Court. He was sentenced to serve three years for the theft conviction and his sentence was enhanced by three years for the habitual offender determination. Pinkton appeals and argues that the trial court improperly injected itself into his trial depriving him of his rights to counsel and a fair trial. Finding that Pinkton invited any alleged error, we affirm.

### Facts and Procedural History

On September 24, 2002, Sam Whatley ("Whatley"), the general manager of the Value City department store ("the store") located on 38th Street in Indianapolis, observed Pinkton in the electronics department of the store taking several handheld CD players off of the shelf and placing them in a bag. Whatley also noticed that there was a "blue boom box CD player" in the bottom of Pinkton's shopping cart. Tr. p. 35. Whatley followed Pinkton as he left the electronics department and saw Pinkton leave the store without paying for the CD players.

Whatley followed Pinkton and asked him to stop as they reached the parking lot. Pinkton refused to stop and pushed his shopping cart at Whatley. Pinkton re-

---

1. Ind.Code § 35–43–4–2 (1998).

tained the bag containing the handheld CD players, but the boom box CD player remained in the shopping cart. Whatley then returned to the store to request assistance in apprehending Pinkton, and he and two other store employees got into Whatley's vehicle to pursue Pinkton. They found Pinkton sitting on a bench approximately a half of a block from the store. When they found him, Pinkton did not have the bag containing the handheld CD players in his possession, but they discovered the bag in a trashcan situated next to the bench. There were five handheld CD players in the bag.

On September 25, 2001, Pinkton was charged with theft, as a Class D felony, and an amended information filed on January 31, 2002, alleged that Pinkton was an habitual offender. A jury trial commenced on March 27, 2002. The State called two witnesses, Whatley and Kim Klepek, the store's loss prevention manager. Pinkton's attorney cross-examined both witnesses, but did not call any witnesses for the defense.

After the parties rested, Pinkton's attorney, Ben Jaffe ("Jaffe"), informed the trial court that Pinkton was upset that during cross-examination Jaffe did not explore some alleged inconsistencies between Whatley's and Klepek's pretrial statements and their trial testimony. Tr. p. 67. Jaffe indicated that he felt that raising that issue would be detrimental to Pinkton's defense.[2] When the trial court stated that it would be possible to bring the jury back into the courtroom and recall the witnesses to question them about the inconsistent statements, Pinkton replied, "[t]hat is what I want done, Judge." Tr. p. 72. Then, the following exchange occurred:

THE COURT: Inconsistent statements might affect the jury, and if he wants that done. I can see why your lawyer doesn't want to go into it. It could be a can of worms, but you are sure you want this to be done?

MR. PINKTON: Exactly.

THE COURT: I agree with your lawyer. It might not be wise to do it, but that is up to you if you want it, okay. Bring the jury back in and we will open up again, and let him quiz.

* * *

MR. JAFFE: I think it is a bad decision. We are opening the door—

THE COURT: Well, but that is what he wants to do.

MR. PINKTON: But I will offer that. Whatever happens at this point it is on me.

THE COURT: He said he wants to do it, and I will allow him to do it.

MR. JAFFE: That's fine, Judge.

THE COURT: Okay. You come back up here. I want him to know that he has had a fair trial, and if he wants things brought up we are going to let him do it.

MR. PINKTON: If they are going to convict me they are going to convict me of the truth, but don't half step it. There are three inconsistent statements, and I want to know how they got there.

THE COURT: I understand. Now it is a strategy—

MR. PINKTON: Whatever happens at this point, Judge, I am totally responsible.

THE COURT: It is a strategy thing. Your lawyer thinks you shouldn't do it.

**2.** During trial, Jaffe argued to the jury that Whatley and Klepek did not have sufficient opportunity to observe Pinkton to make a reliable identification that he was the individual in the electronics department who took the CD players. Tr. pp. 93–100.

MR. PINKTON: Well, I am going against the strategy.

Tr. pp. 73–75.

Klepek was then recalled to the witness stand and questioned regarding the alleged inconsistencies between her probable cause affidavit and her trial testimony. The trial court asked Klepek about her statement in the affidavit that both she and Whatley apprehended Pinkton, which was inconsistent with the trial testimony that only Whatley apprehended Pinkton. Klepek testified, "[w]ell, when he was in my office and I was filling out paperwork that is considered my apprehension," but admitted that she did not physically apprehend Pinkton. Tr. p. 80. Whatley was also recalled and questioned regarding a statement he gave to the police. The statement indicates that Whatley told the police officer that he found the bag containing the handheld CD players in a "dumpster." Whatley testified that he told the officer that he found the bag in a trashcan, not a dumpster. Tr. pp. 81–82.

The jury found Pinkton guilty of theft, as a Class D felony. Pinkton then pled guilty to the habitual offender count. Pinkton was sentenced to three years for the theft conviction, and his sentence was enhanced by three years for the habitual offender determination, for a total of six years. Pinkton now appeals.

### Discussion and Decision

Pinkton argues that he was deprived of his rights to counsel and a fair trial when the trial court improperly injected itself "into the trial by calling two witnesses and questioning one witness after the parties had rested." Br. of Appellant at 6. Pinkton argues that by overriding his trial counsel's decision not to address the inconsistencies between the pretrial statements and trial testimony, the trial court stripped his counsel of control of the case, overrode his trial counsel's stated strategy, and in-

curred the damage his trial counsel attempted to avoid, which resulted in a denial of his rights to counsel and due process of law.

The State argues that Pinkton invited any alleged error. It is well settled in Indiana that a party may not invite error, and later argue that such error supports reversal because error invited by the complaining party is not reversible error. *Oldham v. State*, 779 N.E.2d 1162, 1171 (Ind.Ct.App.2002), *trans. denied* (citing *Kingery v. State*, 659 N.E.2d 490, 494 (Ind. 1995)). Furthermore, invited error is not subject to appellate review. *Id.*

It is often noted in the legal community that an attorney who represents himself has a fool for a client. It is even more foolish for a lay criminal defendant to represent himself when the stakes are so high, television fantasies notwithstanding.

At trial, despite several warnings from the trial court and his own attorney, Pinkton insisted that the court recall Klepek and Whatley so that they could be questioned regarding their inconsistent statements. He was advised that such course of action was detrimental to his trial counsel's strategy and that it was not a wise decision. Pinkton continued to insist that the trial court recall the witnesses and that he would bear total responsibility for that decision. Tr. pp. 74–75. We therefore agree with the State that Pinkton has invited any alleged error by insisting that the trial court recall the witnesses, and Pinkton cannot now argue that his conviction should be reversed because the court allowed the witnesses to be recalled.

Affirmed.

KIRSCH, J., and MATTINGLY–MAY, J., concur.