# FOR PUBLICATION

APPELLANT PRO SE:

**THOMAS D. DILLMAN**
Branchville Correctional Facility
Branchville, Indiana



FILED
Jan 27 2014, 8:35 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| THOMAS D. DILLMAN, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | ) No. 53A04-1306-CR-289 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Marc R. Kellams, Judge
Cause No. 53C02-0308-CM-2711

**January 27, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Thomas D. Dillman, *pro se*, appeals the denial of his Motion for Release of Cash Bond. He raises one issue, which we restate as whether he is entitled to recover the entirety of his $250.00 cash bond. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On August 18, 2003, the State charged Dillman with Class C misdemeanor illegal consumption of an alcoholic beverage[1] under Cause No. 53C02-0308-CM-02711 (hereinafter, "Cause No. 2711"). He posted a $250.00 cash bond.

On November 17, 2003, the trial court held a hearing, apparently on a plea agreement involving Cause No. 2711 and three others. Dillman agreed to plead guilty to one count of Class C misdemeanor illegal transportation of alcohol by a minor,[2] in Cause No. 53C02-0303-CM-00756 (hereinafter, "Cause No. 756"), in exchange for dismissal of other counts including Cause No. 2711.

After the trial court accepted Dillman's guilty plea, it discussed costs and fees with Dillman and his attorney. Earlier in the hearing, Dillman had told the trial court he owed $480 "[f]or house arrest," (Tr. at 5), and he said he would pay it in two days. The trial court noted "there are Court Costs of $134. Did you include that in the $480?" (*Id.* at 10.) Dillman said no, and indicated he could pay it "as soon as I need to. My dad will let me borrow the money?" (*Id.*) The trial court directed Dillman to "take the $480 to Community

---

[1] Ind. Code § 7.1-5-7-7(a)(2).
[2] Ind. Code § 7.1-5-7-7(a)(3).

Corrections and go to the Clerk's office with cash or a money order to pay the costs." (*Id*. at 11.)

At that point the court reporter said, "I'm showing a cash bond held in trust" under a different cause.[3] (*Id.*) Dillman told the court he had posted a $500 cash bond under a different cause. Dillman's attorney then stated: "Well, Your Honor, we would just simply agree if there is a cash bond to apply it." (*Id.*) The court noted there was a $130 cash bond under yet another cause number, and the $500 cash bond under Cause No. 53C02-0301-FD-00027, and said "if he posted that $637 [sic] right there, that will pay everything." (*Id*. at 12.)

Despite the discussion of applying the $500 cash bond from Cause No. 53C02-0301-FD-00027, the chronological case summary indicates the court applied $134.00 of the $250.00 cash bond in Cause No. 2711 to costs in Cause No. 756 and refunded the remainder, $116.00, to Dillman. The charge in Cause No. 2711 was then dismissed.

On April 30, 2013, Dillman filed, *pro se,* a Motion for Release of Bond in Cause No. 2711.[4] The trial court denied his motion in an order that did not include any findings or conclusions to explain the denial.

## DISCUSSION AND DECISION

The State has not provided an appellee's brief. In such a case, we do not assume the burden of controverting Dillman's arguments. We instead apply a less stringent standard of review. *Pettiford v. State*, 504 N.E.2d 324, 326 (Ind. Ct. App. 1987). To obtain reversal,

---

[3] From the discussion at the hearing, we infer the "different cause" was No. 53C02-0301-FD-00027.
[4] Dillman did not include a copy of that motion in the Appendix.

Dillman need only establish the trial court committed *prima facie* error. *Id.* In this context, *prima facie* means at first sight, on first appearance, or on the face of it. *Id.* However, we still view the evidence in the light most favorable to the trial court's judgment and will reverse only if error is demonstrated in the record and by Dillman's brief. *Id.* Dillman has demonstrated *prima facie* error.

Ind. Code § 35-33-8-3.2 governs bail and bail forfeiture. The first subsection permits a person to post a cash bond in the full amount of the bail. Ind. Code § 35-33-8-3.2(a)(1). The following subsection offers an alternative: ten percent of the bail may be posted, but that amount is subject to retention by the clerk of the court for the reimbursement of publicly paid costs of representation. Ind. Code § 35-33-8-3.2(a)(2). Dillman posted the full amount of bail in a $250 cash bond pursuant to the first subsection.

As Dillman's $250 bond was a cash bond and not a 10% cash or securities deposit, the version of Ind. Code § 35-33-8-3.2 then in effect[5] required that he be reimbursed the $134.00 applied to costs in a companion case. In *Goffinet v. State*, 775 N.E.2d 1227 (Ind. Ct.

---

[5] Ind. Code § 35-33-8-3.2 was amended in 2006 to add language that would permit a court to retain a cash bond in some situations:

> If the court requires the defendant to deposit cash or cash and another form of security as bail, the court may require the defendant and each person who makes the deposit on behalf of the defendant to execute an agreement that allows the court to retain all or a part of the cash to pay publicly paid costs of representation and fines, costs, fees, and restitution that the court may order the defendant to pay if the defendant is convicted. The defendant must also pay the fee required by subsection (d). The defendant must also pay the fee required by subsection (d).)

Dillman's bond was retained in 2003, before the statutory change, and the record does not reflect he executed any agreement to allow the court to retain all or part of the cash from the bond that is the subject of this appeal.

App. 2002), *trans. denied*, Goffinet's father paid[6] the entire amount of the bond in cash. We determined Indiana Code §35-33-8-3.2 did not authorize the trial court "to order any money retained from a bond remittance *for any purpose* unless the bond was a 10% cash or securities deposit governed by Indiana Code Section 35-33-8-3.2(a)(2)." *Id.* at 1233-34 (emphasis added). The trial court therefore had abused its discretion in retaining from Goffinet's bond remittance court costs of $129.00, an administrative fee of $50.00, appeal costs of $3,500.00, and a drug fee of $2,000.00. *Id.* at 1234. We vacated the bond remittance order and remanded with instructions to remit the entire bond to Goffinet. *Id.*

We must do the same here. Because Dillman's $250 bond was a cash bond posted under Ind. Code § 35-33-8-3.2(a)(1), the court was not authorized to retain the bond "for any purpose."[7] *See Goffinet*, 775 N.E.2d at 1233. We must accordingly reverse the denial of Dillman's Motion for Release of Cash Bond and remand for further proceedings consistent with this decision.

Reversed and remanded.

VAIDIK, C.J., and RILEY, J., concur.

---

[6] Dillman asserts his bond, like Goffinet's, was paid by a third party.

[7] We acknowledge Dillman's counsel agreed costs could be paid from a cash bond; however, the bonds in question when he so agreed were valued at $500 and $130, while the bond at issue in this Cause had a value of $250. We therefore cannot say Dillman invited the error he now alleges on appeal.

5