# FOR PUBLICATION

APPELLANT, PRO SE:

**THOMAS D. DILLMAN**
Branchville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana



FILED
Aug 29 2014, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS D. DILLMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  53A05-1306-CR-274 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Mary Ellen Diekhoff, Judge
Cause No. 53C05-0509-CM-3054

**August 29, 2014**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, Thomas D. Dillman ("Dillman"), appeals the trial court's denial of his motion for the trial court to release his cash bond. At sentencing, the trial court ordered Dillman's cash bond to be released to pay for court costs and fees. Eight years later, Dillman filed a motion for the release of his cash bond, which the trial court denied. Dillman now argues, and the State concedes, that the trial court was not statutorily authorized to retain his cash bond. We conclude, however, that the trial court did not abuse its discretion in denying Dillman's motion because Dillman waived his argument, and the trial court's error was not fundamental.

We affirm.

## ISSUE

Whether the trial court abused its discretion in denying Dillman's motion for the release of his cash bond.

## FACTS

In September 2005, the State charged Dillman with one count of Class A misdemeanor operating while intoxicated and endangering persons; one count of Class A misdemeanor operating with a 0.15% blood alcohol content; and one count of Class C misdemeanor illegal consumption of an alcoholic beverage. At Dillman's initial hearing on September 12, 2005, the trial court set his bond at either a $7,000 surety or $700 cash. Dillman paid $700 cash and was released on bond two days later.

Subsequently, on November 23, 2005, Dillman pled guilty to Class A misdemeanor operating a vehicle while intoxicated. In exchange for Dillman's guilty

2

plea, the State dismissed the two other charges against him. At the conclusion of the hearing, the trial court sentenced Dillman to one (1) year with all but two days suspended. In its order, the trial court also provided, "Defendant to pay costs and fees out of cash bond." (App. 2). Dillman did not appeal the trial court's order regarding the payment of costs and fees.

On December 1, 2005, the Monroe County Clerk issued a payment of $581.50 from Dillman's bond to pay the costs in the case. Years later, on February 16, 2011, the trial court ordered the release of the remainder of the cash bond "for probation fees due under this cause." (App. 6). In response to this order, the Monroe County Clerk issued the remaining $118.50 of Dillman's cash bond to the Monroe County Probation Department. Dillman did not appeal the trial court's order regarding the probation fee payment.

On April 26, 2013, Dillman filed a motion requesting the release of his bond. The trial court denied it the same day. Dillman now appeals. We will provide additional facts as necessary.

DECISION

On appeal, Dillman argues that the trial court abused its discretion when it denied his motion requesting the release of his bond because in 2005, when he was convicted, the trial court did not have any statutory authority to retain the bond to pay for court costs. The State concedes this point but argues that Dillman waived his claim when he failed to appeal the trial court's orders authorizing the clerk to pay Dillman's court costs and fees from his bond. In response, Dillman contends that the trial court's order

3

constituted an illegal sentence, which he claims is a fundamental error that he may raise at any time. Due to the State's concession, we need not address whether the trial court had authority to retain the bond. We agree that the trial court improperly retained the bond and will only consider the State's waiver argument and Dillman's fundamental error response.

1. Waiver

The State's waiver argument is based on the fact that Dillman did not appeal the trial court's November 23, 2005 sentencing order ("November 23 order") ordering "Defendant to pay costs and fees out of [his] cash bond," or the trial court's February 16, 2011 order ("February 16 order") ordering the clerk to release the cash bond for probation fees. (App. 2). According to the State, the November 23 order was a final judgment from which Dillman had only thirty days to appeal. We agree.

In order to rectify the trial court's error, Dillman was required to file either a motion to correct error or a notice of appeal within thirty days of the entry of the order into the Chronological Case Summary ("CCS"), pursuant to Indiana Trial Rule 59 and Indiana Appellate Rule 9, respectively. A failure to file a timely motion to correct error or notice of appeal results in waiver. *See Wente v. State*, 440 N.E.2d 512, 513 (Ind. Ct. App. 1982); T.R. 59(C) ("The motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a final judgment is noted in the [CCS]."); App. R. 9 ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R.2."). Dillman waited almost eight years after the trial court's November 23 order before he disputed the trial court's release of his bond for court costs

4

and over two years after the trial court's February 16 order before he disputed the release of the remainder of his bond for probation fees. Accordingly, we conclude that the trial court did not abuse its discretion in denying Dillman's motion for the release of his bond because Dillman waived his arguments and was not allowed to collaterally attack the trial court's order through his motion.

In defense of his failure to appeal, Dillman argues that he did not receive notice of the trial court's November 23 and February 16 orders and contends that the trial court should have given him an extension of time to appeal under Trial Rule 72(E). Dillman claims he received notice of the orders when he requested a copy of the CCS and the clerk sent him the copy on April 10, 2013. He contends that the thirty day time limit should have begun to toll on that day because that is when he received notice.

> Pursuant to Trial Rule 72(E),
>
> When service of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the [CCS], the Court, *upon application for good cause shown*, may grant an extension of any time limitation within which to contest such ruling, order or judgment, to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

(Emphasis added). We cannot agree with Dillman's argument because he never sought relief under Trial Rule 72(E) with the trial court. There is no evidence in the record that he ever filed a motion requesting an extension of time or showed "good cause" as required by Rule 72(E). Accordingly, we conclude that he has waived his argument and will not address it. *C.T.S. v. State*, 781 N.E.2d 1193, 1204 (Ind. Ct. App. 2003) (holding that failure to raise an argument in the trial court results in its waiver on appeal).

5

2. Fundamental Error

Dillman also attempts to bypass the issue of waiver by arguing that the trial court's error was fundamental. Fundamental error is an extremely narrow exception to the waiver rule where the defendant faces the heavy burden of showing that the alleged errors are so prejudicial to the defendant's rights as to make a "'fair trial impossible.'" *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014) (quoting *Benson v. State*, 762 N.E.2d 748, 756 (Ind. 2002)). The defendant must show that, under the circumstances, the trial judge erred in not *sua sponte* raising the issue because the error constituted "'a clearly blatant violation[] of basic and elementary principles of due process presenting an undeniable and substantial potential for harm.'" *Id.* (quoting *Benson*, 762 N.E.2d at 756). It is a "daunting standard that applies 'only in egregious circumstances.'" *Id.* (quoting *Brown v. State*, 799 N.E.2d 1064, 1068 (Ind. 2003)).

Here, Dillman argues that the trial court's error in retaining his cash bond was fundamental because it constituted an illegal sentence. A trial judge is required to sentence convicted criminals within statutorily prescribed limits, and any sentence which is contrary to, or violative of, the penalty mandated by the applicable statute is an illegal sentence. *Ben-Yisrayl v. State*, 908 N.E.2d 1223, 1228 (Ind. Ct. App. 2009), *trans. denied.* A sentence that exceeds statutory authority is a fundamental error and is subject to correction at any time. *Id.* at 1228.

While we agree with Dillman that the trial court erred, we do not agree that the trial court's error constituted an illegal sentence or that it was a fundamental error. Although the trial court made its statement regarding costs and fees at sentencing, the

6

trial court's order requiring Dillman to pay his costs and fees was not part of his sentence. In 2005, when Dillman was sentenced, INDIANA CODE § 33-37-2-2(a) provided: "[c]osts in a criminal action are not a part of the sentence and may not be suspended." In turn, "fees" . . . "are costs." I.C. § 33-37-2-5 (2005). Therefore, the trial court's order regarding Dillman's costs and fees was not a part of his sentence, and his sentence was not illegal. In addition, we do not find that the trial court's error presented an undeniable and substantial potential for harm or was egregious. Although the trial court should not have retained Dillman's cash bond, it released the money to pay for Dillman's costs and fees, which Dillman was required to pay regardless.

In light of the above factors, we conclude that, while the trial court erred, its error did not fit the fundamental error exception to waiver. Accordingly, we conclude that Dillman waived his argument by failing to appeal the trial court's November 23 order. As a result, he was not able to subsequently attack the trial court's order collaterally through his motion to release his cash bond, and the trial court properly denied his motion.[1]

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.

---

[1] We also note that Dillman appealed the trial court's denial of his motion for the release of his bond in two different causes—*Dillman v. State*, 2 N.E.3d 774 (Ind. Ct. App. 2014) and *Dillman v. State*, No. 53A01-1303-CR-112 (Ind. Ct. App. Dec. 18, 2013). In these cases, different panels of this Court remanded to the respective trial courts, ordering the release of Dillman's cash bonds. However, the State did not raise the issue of waiver in either case. Accordingly, this case is distinguishable because we have had to address the issue of waiver and have come to a different conclusion as a result.