## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 17 2016, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dewan Nix,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 17, 2016

Court of Appeals Case No.
34A02-1510-CR-1632

Appeal from the
Howard Superior Court

The Honorable
William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1404-CM-274

**Kirsch, Judge.**

[1] Dewan Nix pleaded guilty to invasion of privacy[1] as a Class A misdemeanor and, as part of his sentence, was ordered to pay a $1,300.00 reimbursement to the Howard County Public Defender's Supplemental Fund ("Public Defender Fund"). Nix appeals his sentence and raises the following restated issues for our review:

> I. Whether the trial court properly released Nix's bond from another cause number when that case had been consolidated with the present case; and

> II. Whether the trial court abused its discretion when it ordered Nix to pay $1,300.00 to reimburse the Public Defender Fund.

[2] We affirm.

## Facts and Procedural History

[3] On April 20, 2014, Nix was located "at or near Main and Mulberry in Howard County, Indiana" and "did knowingly or intentionally violate a no contact order" by having contact with S.M. *Appellant's App*. at 38. Nix was arrested, and the State charged him with Class A misdemeanor invasion of privacy under cause number 34D01-1404-CM-274 ("Cause 274"). The trial court set Nix's bond in Cause 274 at "$8,000.00 with 10% allowed," and Nix paid an $800.00

---

[1] *See* Ind. Code § 35-46-1-15.1.

cash bond later that day.  *Id*. at 23.  He executed a bond agreement, which stated:

> CONDITIONS OF BOND:  All bonds posted by defendants are subject to the following conditions:  (a) defendant **shall appear** in Court at all times required by the Court; and (b) any other condition ordered by the Court pursuant to I.C. 35-33-8-3.2(a) including refraining from any direct or indirect contact with the alleged victim of an offense or other individual as ordered by the Court.  Violation of any condition ordered by the Court may result in revocation of bond and issuance of re-arrest warrant.
>
> I agree that there is an administrative fee of 10%, up to $50.00, of the 10% cash bond.
>
> **Cash bond is only released to the defendant in the case following disposition of the case pursuant to I.C. 35-33-8-3.2(b).  The cash bond is considered the defendant's asset and will only be released to the defendant; and may be applied to payment of fines, costs, fees, and restitution as ordered by the court.**

*Id*. at 30 (emphasis in original).  At his initial hearing for Cause 274, Nix requested the appointment of a public defender, which was granted by the trial court.  The trial court also "reserve[d] the right to order reimbursement to the [Public Defender Fund]."  *Id*. at 13.

[4]  On April 29, 2014, Nix was arrested and charged with Class C felony intimidation under cause number 34D01-1405-FC-330 ("Cause 330").  The trial court set Nix's bond in that case "in the sum of $10,000.00 with 10% allowed."  *Id*. at 104.  Nix again executed a bond agreement that was identical to the one

executed in Cause 274 and paid $1,000.00 cash bond. *Id*. at 109. At his initial hearing in Cause 330, Nix again requested the appointment of a public defender, and the trial court granted the request. The trial court also ordered Nix to "pay the sum of $100.00 to the [Public Defender Fund] within 30 days" and reserved "the right to order [Nix] to pay additional fees." *Id*. at 104-05.

[5] On June 25, 2014, the State filed a motion to continue the bench trial previously set in Cause 274 "in order to allow the case to follow" Cause 330, and the trial court granted the motion on the same date. *Id*. at 49. On June 18, 2015, Nix pleaded guilty to Class A misdemeanor invasion of privacy, and pursuant to the plea agreement, the State agreed to dismiss his Class C felony intimidation charge under Cause 330. Additionally, under the plea agreement, the trial court sentenced Nix to one year, all suspended with credit for time served, and Nix was placed on supervised probation for the duration of his suspended sentence. Nix was also ordered to pay the Probation User's Fees, the Probation Administrative Fee, Court Costs, and a reimbursement to the Public Defender Fund in the amount of $1,300.00. *Id*. at 9. Pursuant to the conditions of supervised probation, Nix agreed, in writing, to the following:

> FINANCIAL OBLIGATIONS: As part of your probation terms various costs and fees are assessed for services provided and as a measure of accountability. All payments will be in cash, cashiers' check, money order, or under certain circumstances, credit cards. Any amount covered by your posted cash bond must still be listed on this form. The Probation Administration Fee and the $50.00 initial fee may be covered by posted cash bond, however, in some cases the $15.00 monthly fee will not be covered by your posted cash bond. In the case of multiple cause

> numbers, a Probation Fee will apply to each consecutive cause. If financial obligations are not met by the termination date of your probation the Howard County Probation Department may file an Affidavit of Citation in which you may have to re-appear in the sentencing Court to determine how payment of your fees will be resolved. The Howard County Probation Department further reserves the right to file for a summary judgment with an agent for collections for any unpaid fees or costs.

*Id.* at 97. The conditions of probation, which were signed by Nix, further listed the following as financial obligations Nix agreed to pay: $168.00 in court costs; $50.00 as the initial probation fee; $1,300.00 to the Public Defender Fund; $50.00 as a probation administrative fee; and "$15.00 per month thereafter" as the monthly supervision fee. *Id.* Nix's bond proceeds from both Cause 274 and Cause 330 were released to pay the costs per the plea agreement and conditions of probation. Nix filed a motion to correct error, which was denied by the trial court. Nix now appeals.

## Discussion and Decision

[6] Sentencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion. *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011) (citing *Kimbrough v. State,* 911 N.E.2d 621, 636 (Ind. Ct. App. 2009)). We will reverse only for an abuse of discretion – if the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *McElroy v. State,* 865 N.E.2d 584, 588 (Ind. 2007). "If the fees imposed by the trial court fall within the parameters provided

by statute, we will not find an abuse of discretion." *Id.* (citing *Mathis v. State,* 776 N.E.2d 1283, 1289 (Ind. Ct. App. 2002), *trans. denied*).

## I.  Consolidation of Cases

Nix argues that the trial court violated Indiana Code section 35-33-8-3.2(b) when it ordered the bond from Cause 330 be released to pay the costs and fees ordered in Cause 274.  He contends that the language of the statute required the trial court to order the bond from Cause 330 returned to him because the bond proceeds in each case may only be applied to the costs and fees ordered in that particular case.  Nix asserts that, because the charge in Cause 330 was dismissed and was a separate and distinct case from Cause 274, Indiana Code section 35-33-8-3.2 required the trial court to release the bond from Cause 330 to him within thirty days of the dismissal of the case. Because the trial court did not release the bond to him, it violated the statute.

Indiana Code section 35-33-8-3.2 governs bail and bail forfeiture.  *Dillman v. State*, 2 N.E.3d 774, 776 (Ind. Ct. App. 2014).  Under subsection (a) of the statute, there are two further subsections, and the first of these subsections permits a person to post a cash bond in the full amount of the bail.  Ind. Code § 35-33-8-3.2(a)(1).  The second subsection states in pertinent part:

> (a) A court may admit a defendant to bail and impose any of the following conditions to assure the defendant's appearance at any stage of the legal proceedings, or, upon a showing of clear and convincing evidence that the defendant poses a risk of physical danger to another person or the community, to assure the public's physical safety:

. . . .

(2) Require the defendant to execute:

(A) a bail bond by depositing cash or securities with the clerk of the court in an amount not less than ten percent (10%) of the bail; and

(B) an agreement that allows the court to retain all or a part of the cash or securities to pay fines, costs, fees, and restitution that the court may order the defendant to pay if the defendant is convicted.

A portion of the deposit, not to exceed ten percent (10%) of the monetary value of the deposit or fifty dollars ($50), whichever is the lesser amount, may be retained as an administrative fee. The clerk shall also retain from the deposit under this subdivision fines, costs, fees, and restitution as ordered by the court, publicly paid costs of representation that shall be disposed of in accordance with subsection (b), and the fee required by subsection (d).

I.C. § 35-33-8-3.2(a)(2). Subsection (a)(2) offers an alternative to paying the full bail amount – a defendant may post only ten percent of the bail, but "that amount is subject to retention by the clerk of the court for the reimbursement of publicly paid costs of representation." *Dillman*, 2 N.E.3d at 766; I.C. § 35-33-8-3.2(a)(2). In the present case, Nix paid ten percent of the bail amount, so he is governed by subsection (a)(2), and the ten percent of his bail that he paid was able to be retained to reimburse the costs of his publicly paid representation.

[9] Nix asserts that the funds he paid under Cause 330 should not have been retained here because he was only convicted under Cause 274, and the two cases were separate and distinct with the bond document in each case being specific to each case. We disagree. Initially, we note that his two cases were consolidated by the trial court, and he failed to object when such consolidation occurred; he has therefore waived any objection to the consolidation of his two cases. *Wilson v. State*, 931 N.E.2d 914, 919 (Ind. Ct. App. 2010) ("The failure to raise an issue at trial waives the issue on appeal."), *trans. denied*.

[10] Nix was charged with invasion of privacy under Cause 274 and, a few days later, was charged under Cause 330 with intimidation. On June 25, 2014, the State filed a motion to continue the bench trial previously set in Cause 274 "in order to allow the case to follow" Cause 330, and the trial court granted the motion on the same date. *Id*. at 49. Thereafter, motions, orders, and minute entries for the cases contained the cause numbers for both cases, and the Chronological Case Summary for Cause 330 indicated that it was consolidated with Cause 274. *Appellant's App*. at 62-66, 106. The plea agreement, which was signed by Nix, contained both cause numbers. *Id*. at 71. In both Cause 274 and Cause 330, Nix requested, at the initial hearing, that a public defender be appointed to represent him, which the trial court granted and informed Nix, at that time, that it was reserving the right to order reimbursement to the Public Defender Fund. *Id*. at 13, 104-05. Therefore, during the course of the proceedings, Cause 274 and Cause 330 were consolidated, and pursuant to Indiana Code section 35-33-8-3.2(a)(2), the trial court was authorized to order

that Nix's posted bonds be retained to reimburse the costs of his publicly paid representation under the two cases when Nix pleaded guilty to invasion of privacy. The trial court did not abuse its discretion when it consolidated the publicly paid costs of Nix's representation for two consolidated cases and ordered that bond proceeds from both Cause 274 and Cause 330 be retained to pay the Public Defender Fund.

## II. Amount of Reimbursement

[11] Nix contends that the trial court abused its discretion when it ordered him to pay $1,300.00 to reimburse the Public Defender Fund. He alleges that the imposition of such a fee was not authorized by any Indiana statutes. Specifically, Nix claims that the pertinent statutes require an indigency hearing before public defender fees may be imposed and that the trial court here never made any determination that he was not indigent and therefore able to pay the reimbursement to the Public Defender Fund. To the contrary, Nix asserts that the trial court found he was unable to afford to pay for his counsel when it appointed a public defender to represent him in the proceedings.

[12] We initially note that Nix invited any alleged error when he agreed to reimburse the Public Defender Fund in the amount of $1,300.00 as a condition of his probation. *Appellant's App*. at 97-98. The doctrine of invited error is grounded in estoppel. *Arthur v. State*, 950 N.E.2d 343, 347 (Ind. Ct. App. 2011), *trans. denied*. "[U]nder this doctrine, 'a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own

neglect or misconduct.'" *Id*. (quoting *Wright v. State,* 828 N.E.2d 904, 907 (Ind. 2005)). Invited error is not subject to appellate review, and a party may not invite error and later argue that such error requires reversal. *Pinkton v. State*, 786 N.E.2d 796, 798 (Ind. Ct. App. 2003), *trans. denied*. Here, Nix agreed to serve his suspended sentence on supervised probation pursuant to his plea agreement, and as a condition of his probation, he agreed to pay $1,300.00 to the Public Defender Fund. *Appellant's App*. at 71, 97-98. Nix cannot now argue that it was error to order him to pay a fee that he agreed to pay as a condition of his probation.

[13] Even if Nix did not invite any alleged error, the trial court did not abuse its discretion in ordering him to reimburse the Public Defender Fund in the amount of $1,300.00. In both Cause 274 and Cause 330, Nix posted ten percent of his bail. Pursuant to Indiana Code section 35-33-8-3.2(a)(2), when a defendant pays ten percent of his bail, "that amount is subject to retention by the clerk of the court for the reimbursement of publicly paid costs of representation." *Dillman*, 2 N.E.3d at 766. Therefore, the trial court in the present case was authorized under Indiana Code section 35-33-8-3.2(a)(2) to order Nix to reimburse the Public Defender Fund to pay for the costs of his publicly-provided representation. *Wright v. State*, 949 N.E.2d 411, 416 (Ind. Ct. App. 2011). Further, contrary to Nix's contention, an indigency hearing was not required in the present case. "A plain reading of [s]ection 35-33-8-3.2(a)(2) . . . leads us to the conclusion that the absence of language requiring an indigency hearing means that when a bail bond agreement is executed, such a

hearing is not required." *Id.* (citing *State v. Dugan,* 793 N.E.2d 1034, 1036 (Ind. 2003) ("It is just as important to recognize what the statute does not say as it is to recognize what it does say.")). To impose the hearing requirement contained in other statutes where a defendant executed an agreement pursuant to Section 35-33-8-3.2(a)(2), would render the bail bond agreement meaningless. *Id.* We, therefore, conclude that the trial court did not abuse its discretion when it ordered Nix to pay $1,300.00 to reimburse the Public Defender Fund.

[14]	Affirmed.

[15]	Riley, J., and Pyle, J., concur.