

FILED

Jan 30 2017, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Curt J. Angermeier
Evansville, Indiana

ATTORNEY FOR APPELLEES

Joseph H. Harrison, Jr.
Evansville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dennis Garner,<br>*Appellant-Defendant,*<br><br>v.<br><br>Gregory Stewart Kempf and<br>Vanderburgh County Clerk,<br>*Appellee-Plaintiff.* | January 30, 2017<br><br>Court of Appeals Case No.<br>82A01-1512-PL-2362<br><br>Appeal from the Vanderburgh<br>Superior Court<br><br>The Honorable Richard G.<br>D'Amour, Judge<br><br>Trial Court Cause No.<br>82D07-1310-PL-4775 |

**Altice, Judge.**

## Case Summary

[1] Dennis Garner appeals from the trial court's order denying his motion for proceedings supplemental.

We reverse and remand with instructions.[1]

## Facts & Procedural History

In 2013, the Vanderburgh Superior Court awarded Garner a civil judgment against Gregory Kempf in the amount of $20,600. Garner has been unable to collect on the judgment.

On July 30, 2015, criminal charges were filed against Kempf in an unrelated matter in Vanderburgh Superior Court, and a $5,000 bond was posted on Kempf's behalf. The next day, Garner filed a motion for proceedings supplemental in the civil case seeking to garnish the bond proceeds and naming the Vanderburgh County Clerk (the Clerk) as a garnishee defendant. On the same date, Garner served a copy of the motion on the Clerk along with a letter advising the Clerk that Garner held a lien against the bond proceeds and that the Clerk could be held liable if it released the funds to anyone else. Garner did not, however, file anything in the criminal matter or otherwise give the criminal court notice of the lien. The Clerk did not make a note of the lien on the Chronological Case Summary (CCS) in the criminal case, and there is no indication that the criminal court had any knowledge of its existence. The parties do not dispute that Garner notified Kempf of the lien. On July 31, 2015,

---

[1] We held oral argument in this matter on December 15, 2016, and we extend our thanks to counsel for their presentations.

the civil court issued an order requiring Kempf and the Clerk to appear at a hearing on the motion for proceedings supplemental on August 26, 2015.

[5] On August 13, 2015,[2] Kempf asked the criminal court to release the bond proceeds to his criminal defense attorney, and Kempf's attorney filed a written motion to that effect the next day. The criminal court, apparently still unaware of Garner's pending motion for proceedings supplemental, granted the request and ordered the proceeds of the bond released to Kempf's defense attorney on August 14, 2015.

[6] The hearing on Garner's motion for proceedings supplemental was subsequently reset for September 22, 2015. At the hearing, the Clerk indicated that the bond proceeds had been paid to Kempf's criminal defense attorney pursuant to the criminal court's order. On September 29, 2015, the civil court entered a written order denying Garner's motion for proceedings supplemental and declining to enter judgment against the Clerk. Garner filed a motion to correct error, which the trial court denied after a hearing. This appeal ensued.

### Discussion & Decision

[7] This court has set forth the standard of review applicable to appeals from judgments regarding proceedings supplemental as follows:

---

[2] On August 3, 2015, the original criminal case was dismissed because the State had filed formal felony charges under another cause number. The bond was transferred to the new criminal case.

> Our system vests trial courts with broad discretion in conducting proceedings supplemental. [I]n proceedings supplemental, we are constrained to treat a trial court's judgment as being general only. We will not disturb a trial court's judgment regarding a proceedings supplemental unless the record does not provide sufficient support for any theory on which the judgment may be sustained. We will affirm the trial court's judgment on any legal theory supported by the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom.

*Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 669 (Ind. Ct. App. 2008) (internal quotation marks and citations omitted).

[8] On appeal, Garner argues that the Clerk wrongfully released the bond proceeds to Kempf's attorney after the attachment of an equitable lien and, as a result, is liable to him in the amount of $5,000. The trial court rejected this claim, reasoning that it was incumbent upon Garner to see to it that an entry was made on the CCS in the criminal case so as to notify that court of the lien. In support of this conclusion, the trial court relied on a purported "rule" issued by the Vanderburgh Circuit and Superior Courts. *Appellant's Appendix* at 12.

[9] The "rule" relied upon by the trial court, a copy of which is attached to its written order, is not a rule at all. Instead, it appears to be an internal memo, dated February 5, 2003, from the "Vanderburgh Circuit and Superior Courts" to a former Vanderburgh County Clerk. *Id.* at 13. This memo is not a part of the Vanderburgh County Local Rules, and there is no indication that it was ever even published or otherwise made available to the public. The memo reads as follows:

> Please be advised that when a Court releases a bond in a criminal case, the release of the bond is subject to any garnishment orders, liens, or assignments placed against the bond. In order for such a claim to be placed against the bond, a minute must be entered on the Chronological Case Summary for the criminal case, which minute must state the existence of that claim against the bond. If such claims exists, they should be honored and paid _after_ any costs, retention charges, public defenders fund reimbursement, fines, restitution, and other fees, if any of these are ordered by the Court to be retained from the bond, but _before_ payment to the person who posted the bond. Priority should be given to the claim entered the earliest on the Chronological Case Summary. Please circulate this notice to all necessary personnel. Thank you.

*Id.* (emphasis in original). It is apparent from the language of the memo that it was intended to provide guidance to the Clerk and court personnel, not the public. Indeed, the Clerk appears to implicitly concede as much by declining to cite or rely upon the memo in its brief. We therefore conclude that the trial court erred by relying on the memo in reaching its decision to deny Garner's motion for proceedings supplemental. It does not necessarily follow, however, that the trial court's ultimate judgment was in error. As we noted above, we must treat a trial court's ruling on a motion for proceedings supplemental as a general judgment and affirm on any legal theory supported by the evidence.

[10]     On appeal, Garner relies on *Fifth Third Bank v. Peoples Nat'l Bank* for the proposition that "[i]t is well settled under Indiana law that a judgment creditor acquires an equitable lien on funds owed by a third party to the judgment debtor from the time the third party receives service of process in proceedings

supplemental." 929 N.E.2d 210, 214 (Ind. Ct. App. 2010). Further, "the third party in proceedings supplemental is liable for paying out funds in a manner inconsistent with the judgment creditor's lien." *Id.* (quoting *Radiotelephone Co. of Ind., Inc. v. Ford*, 531 N.E.2d 238, 241 (Ind. Ct. App. 1998)).

[11] The Clerk does not appear to dispute that Garner's argument in this regard is an accurate reflection of the law in general. Instead, the Clerk seems to argue that an exception exists when a creditor seeks to garnish the proceeds of a bond posted in a criminal matter and held by the clerk of that court. Specifically, the Clerk claims that "[t]he Indiana Supreme Court has specifically held that proceeds of a cash bail bond posted in a criminal case are not subject to garnishment for a judgment obtained in a civil case." *Appellee's Brief* at 3. In support of this assertion, the Clerk cites *O'Laughlin v. Barton*, 549 N.E.2d 1040 (Ind. 1990).

[12] The Clerk's reliance on *O'Laughlin* is misplaced. It is well settled in Indiana that the proceeds of bail bonds are subject to garnishment. *See, e.g., Germann v. Tom's 24-Hour Towing, Inc.*, 776 N.E.2d 932, 934 (Ind. Ct. App. 2002); *Turner v. Clary*, 606 N.E.2d 878, 880-81 (Ind. Ct. App. 1993). The law of bailment provides guidance in cases involving the disposition of bail bond proceeds. *Turner*, 606 N.E.2d at 880. "A bailment is an express or implied agreement between a bailor and a bailee in which the bailee is entrusted to accomplish a specific purpose with the bailor's personal property and when the purpose is accomplished, the property is returned to the bailor." *Id.* at 880. Because a bailment generally involves no transfer of ownership, the depositor's interest in

a cash bail bond is not extinguished unless and until the bond is forfeited.[3] *Id.* *O'Laughlin* stands for the uncontroversial proposition that once a bail bond is forfeited, the depositor's interest therein is extinguished and the funds must be transferred to the Treasurer of the State for deposit into the Common School Fund. *O'Laughlin*, 549 N.E.2d at 1042.[4] *See also* Ind. Const. art. 8, sec. 2. In this case, however, Kempf's bond was never forfeited. Because his interest in the bond proceeds was not extinguished, *O'Laughlin* is inapposite and the funds remained subject to garnishment.[5]

[13]   Citing Ind. Code § 35-33-8-7(b), the dissent asserts that our General Assembly has limited the circumstances under which a third-party creditor may garnish bail proceeds to cases in which the criminal charges arise out of the "same transaction or occurrence" as that giving rise to the civil judgment. We cannot

---

[3] The dissent suggests that the fact that a bailment does not effect a transfer of ownership means that the property in question is not subject to garnishment. To the contrary, the fact that the bailor maintains ownership is precisely why the property remains subject to garnishment. The entire purpose of garnishment is to allow creditors to reach property owned by a debtor but being held by a third party.

[4] At issue in *O'Laughlin* was the date on which the defendant's bail was forfeited and whether the bail could be forfeited after being previously revoked. *Id.* at 1041-42. Whether a bond that had not been forfeited was subject to garnishment was not in dispute, and the dissent specifically noted that such funds were subject to attachment by creditors. *Id.* at 1043 (reasoning that "[a]t the time of revocation, the cash deposit was not subject to a declaration of forfeiture, ceased to operate as bail, and was the property of [the defendant]. *The deposit was therefore properly ordered subjected to attachment by creditors*." (DeBruler, J., dissenting) (emphasis supplied)).

[5] The Clerk's reliance on *Dillman v. State*, 2 N.E.3d 774 (Ind. Ct. App. 2014) and *Goffinet v. State*, 775 N.E.2d 1227 (Ind. Ct. App. 2002), *trans. denied*, is likewise misplaced. Both of these cases addressed the trial court's application of bond proceeds to pay court costs and other fees owed by a defendant. In both instances, this court held that the diversion of bond proceeds was improper because it was not authorized by Ind. Code § 35-33-8-3.2. Neither case addressed the issue presented here—a creditor's attempts to garnish the proceeds of a bond. *Dillman* and *Goffinet* are not relevant to this case.

agree with this interpretation of the statute. I.C. § 35-33-8-7(b) provides as follows:

> In a criminal case, if the court having jurisdiction over the criminal case receives written notice of a pending civil action or unsatisfied judgment against the criminal defendant arising out of the same transaction or occurrence forming the basis of the criminal case, funds deposited with the clerk of the court under section 3.2(a)(2) of this chapter may not be declared forfeited by the court, and the court shall order the deposited funds to be held by the clerk. If there is an entry of final judgment in favor of the plaintiff in the civil action, and if the deposit and the bond are subject to forfeiture, the criminal court shall order payment of all or any part of the deposit to the plaintiff in the action, as is necessary to satisfy the judgment. The court shall then order the remainder of the deposit, if any, and the bond forfeited.

[14] This statute places no limitations on the rights of creditors. Instead, it places a limitation on the ability of a criminal court to declare bond proceeds forfeited. Specifically, where a criminal court has notice of an unsatisfied civil judgment or a pending civil action "arising out of the same transaction or occurrence forming the basis of the criminal case," the criminal court may not declare bond proceeds forfeited. Instead, the criminal court must order the clerk to continue to hold the bond proceeds, and payment of the civil judgment must be made from those funds before any remainder may be forfeited. Essentially, by protecting the bond proceeds from forfeiture where the criminal court has notice of a pending civil action or unsatisfied civil judgment arising out of the same circumstances giving rise to the criminal case, I.C. § 35-33-8-7(b) provides an additional safeguard for the victims of the crime for which the defendant is

being prosecuted. The statute does nothing, however, to undermine the general law applicable to other types of creditors seeking to garnish bond proceeds posted in unrelated criminal cases.

[15] Ind. Code § 34-25-3-1 specifically provides that "all officers who may collect money by virtue of their office, including . . . clerks of the circuit and superior courts" are subject to garnishment "*in the same manner as and to the same extent that other persons are subject to garnishment.*" (emphasis supplied). *See also Bowyer Excavating, Inc. v. Ind. Dep't of Envtl. Mgmt.*, 671 N.E.2d 180, 184 (Ind. Ct. App. 1996) (explaining that "a garnishment applies where a third party possesses or controls the defendant's property" and that in such cases, the garnishment statutes are controlling), *trans. denied.* It is undisputed that Garner took the steps required of him under the garnishment statutes to preserve his claim to the bond proceeds in this case. Garner named the Clerk as a garnishee defendant in his motion for proceedings supplemental and served the Clerk with a copy of that motion, along with a letter notifying the Clerk that he held a lien on the bond proceeds and that the Clerk could be held liable for paying out the funds in a manner inconsistent with the lien. This was sufficient to put the Clerk on notice of Garner's claim so as to create an equitable lien. *See Fifth Third Bank*, 929 N.E.2d at 214. Upon receiving such notice, it was incumbent upon the Clerk to take steps to preserve the property in its possession. I.C. § 34-25-3-3 (providing that "[f]rom the day of the service of the summons, the garnishee is accountable to the plaintiff in the action for the amount of money, property, or credits in the garnishee's possession or due and owing from the garnishee to the

defendant").[6]  The Clerk could have satisfied this obligation by making a notation of the lien on the CCS in the criminal case and bringing the lien to the criminal court's attention upon receiving the order to release the funds to Kempf's attorney.

[16]  The trial court essentially concluded that it was Garner's duty to provide notice of the lien to the criminal court.  The parties have not directed our attention to any authority supporting the trial court's conclusion that Garner was required to take an additional step not set forth in the garnishment statutes to preserve his claim to the bond proceeds, and any such requirement would appear to conflict with I.C. § 34-25-3-1.  The Clerk's failure to fulfill its duty as a garnishee defendant prevented Garner from collecting on his lien and, consequently, the Clerk is liable to Garner in the amount thereof.[7]  We therefore reverse and remand with instructions for the civil court to enter judgment accordingly.

---

[6] We note that Ind. Code § 35-33-8-7(c) provides that "[a]ny proceedings concerning the bond, or its forfeiture, judgment, or execution of judgment, shall be held in the court that admitted the defendant to bail." Ind. Trial Rule 69(E), on the other hand, provides that "*[n]otwithstanding any other statute to the contrary*, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered[.]" (emphasis supplied). *See also Branham Corp. v. Newland Res., LLC*, 44 N.E.3d 1263, 1272 (Ind. Ct. App. 2015) (explaining that proceedings supplemental "are initiated under the same cause number in the same court that entered judgment against the defendant").  To the extent that I.C. § 35-33-8-7(c) and T.R. 69(E) are in conflict, T.R. 69(E) controls. *Ritchie v. State*, 809 N.E.2d 258, 268 (Ind. 2004) ("In general, if a statute conflicts with a validly adopted Trial Rule, the rule prevails.").  Thus, Garner's motion for proceedings supplemental was properly filed in the civil court under the same cause number as the original civil judgment.

[7] The Clerk has not at any point in these proceedings argued that it is immune from liability for releasing the funds in a manner inconsistent with Garner's lien, and we therefore do not address that issue.

Judgment reversed and remanded with instructions.

Bradford, J., concurs.

Pyle, J., dissents with opinion.

| | |
|---|---|
| Dennis Garner, | Court of Appeals Case No. |
| *Appellant-Defendant,* | 82A01-1512-PL-2362 |
| v. | |
| Gregory Stewart Kempf and | |
| Vanderburg County Clerk, | |
| *Appellees-Plaintiff.* | |

**Pyle, Judge dissenting.**

[20] I respectfully dissent from the majority's opinion. Bail is a right guaranteed under Article 1 § 17 of Indiana's Constitution. It is a cherished and traditional right. *Fry v. State*, 990 N.E.2d 429 (Ind. 2013). Appearing under INDIANA CODE §§ 35-33-8-0.1 through 35-33-8-11, bail bonds are regulated by statute. A "bail bond" is defined as "a bond executed by a person who has been arrested for the commission of an offense, for the purpose of ensuring (1) the person's appearance at the appropriate legal proceeding; (2) another person's physical safety; or (3) the safety of the community." IND. CODE § 35-33-8-1. No other purpose is stated. To further these, and only these, purposes, the bail statutes

allow certain fees (including attorney fees) to be deducted from the amount of bail deposited with clerk; the bail statutes also provide a deadline within which bail deposits must be *returned to the defendant* upon disposition of the case. I.C. § 35-33-8-3.2. In addition, the *only* condition under which our General Assembly permits a third party to attach bond monies to satisfy a civil judgment against a criminal defendant is when the criminal charges arise out of "the *same transaction or occurrence . . . .*" I.C. § 35-33-8-7(b) (emphasis added). Because bail statutes are criminal statutes which must be strictly construed, I would conclude that the absence of legislative authorization allowing unrelated third parties to bring civil judgments into criminal courts to attach bond money means that there is no error in this case. *See Hook v. State*, 775 N.E.2d 1125 (Ind. Ct. App. 2002). Despite any local rule to the contrary, Garner was without authority to seek attachment of the bond money in this criminal case.

In addition, allowing third parties to bring civil judgments into criminal courts also ignores the common law governing bail bonds. We have held that the law of bailments governs bail bonds. *J.J. Richard Farm Corp. v. State,* 642 N.E.2d 1384 (Ind. Ct. App. 1994). "'A bailment is an express or implied agreement between a bailor and a bailee in which the bailee is entrusted to accomplish a *specific* purpose with the bailor's personal property and when the purpose is accomplished, the property *is returned to the bailor.*'" *Id*. at 1386 (quoting *Norris Automotive Service v. Melton*, 526 N.E.2d 1023, 1025 (Ind. Ct. App. 1988) (emphasis added)). There is no transfer of the right of ownership in a bailment

contract.  *Id*.  In other words, Garner also has no common law basis for attempting to attach bond money with a civil judgment.

[22] Here, Kempf's bond money was to serve the specific purposes listed in INDIANA CODE § 35-33-8-1.  Fees could be deducted and/or attached only as authorized by statute.  Otherwise, once the specific purpose was accomplished upon the disposition of the criminal case, any remaining balance must be returned to Kempf.